334 So.2d 561 (1976)
In re ADVISORY OPINION OF THE GOVERNOR.
In re ADMINISTRATIVE PROCEDURE ACT, EXECUTIVE CLEMENCY.
No. 49233.
Supreme Court of Florida.
June 23, 1976.
Arthur C. Canaday, Gen. Counsel, Tallahassee, for Reubin O'D. Askew, Governor.
Donald D. Conn and Sharyn L. Smith, Asst. Attys. Gen., for Robert L. Shevin, Atty. Gen.
PER CURIAM.

SUPREME COURT OF FLORIDA

Tallahassee
The Honorable Reubin O'D. Askew Governor, State of Florida The Capitol Tallahassee, Florida
Dear Governor Askew:
We have the honor to acknowledge your communication of April 13, 1976, requesting our advice in regard to certain executive powers and duties, pursuant to Article IV, Section 1(c) of the Florida Constitution and Rule 2.1(h) of the Florida Appellate Rules. You have asked us the following question:
"Do the requirements of Chapter 120, Florida Statutes, the Administrative Procedure Act, apply to the constitutional power of the Governor to extend executive clemency as delineated in Article IV, Section 8 of the Florida Constitution?"
*562 Upon receipt of your letter we made preliminary determinations that your request was answerable and that we would exercise our discretion to do so. We then requested interested persons to file briefs. Having now received a brief from the Attorney General and your counsel, we dispense with oral argument.
We answer your question in the negative. Florida's present Administrative Procedure Act was adopted by the Legislature and approved by the Governor in 1974, to become effective generally on January 1, 1975. Chapter 74-310, Laws of Florida.[1] By its express terms the Act does not apply to your exercise of any power "derived" from the Florida Constitution.[2] Since the clemency powers vested in your office[3] have their genesis in the Constitution, it would appear that the Act itself provides exemption for the exercise of your clemency powers. This view of the scope of the Act is supported by its background.
The Act evolved from a proposal of the Law Revision Council, and we have previously commented on the historical relevance of the Council's draft statutes and accompanying commentary. See Lewis v. Judges of the District Court of Appeal, 322 So.2d 16, 19 (Fla. 1975). These documents reveal that the scope of the act as it relates to the Governor's exercise of his duties was the subject of considerable study and careful definition. The first draft statute (dated October 26, 1973) excluded from the definition of "agency" the Governor and lieutenant governor when exercising executive powers "described in Article IV of the Constitution." (See Sup.Ct.Libr. file No. 3). The second draft statute (dated November 30, 1973) eliminated the reference to Article IV, extending the exclusion to all of the Governor's constitutional powers. (See Sup.Ct.Libr. file No. 7). The final draft placed before the Legislature retained its reference to the lieutenant governor and "described" powers. The Legislature, however, struck the lieutenant governor from Section 120.52(1)(a) and broadened the exclusion to cover the exercise of executive powers "derived" from the Constitution.
No aspect of clemency powers exists by virtue of a legislative enactment, and none could.[4] These powers are "derived" solely from the Constitution. The exclusivity of the exercise of clemency powers by the executive branch is further buttressed in the area under consideration by the procedural requirements of the Constitution itself. Where that document sufficiently prescribes rules for the manner of exercise, legislative intervention into the manner of exercise is unwarranted.[5] That is the situation here.
Implicit in your inquiry is the applicability of the Act to those gubernatorial grants of executive clemency which, under Article IV, Section 8(a) of the Constitution, require the approval of three members of the cabinet. This Court has always viewed the pardon powers expressed in the Constitution as being peculiarly within the domain of the executive branch *563 of government.[6] Merely because the 1968 Constitution has given the Governor the initiative to institute certain acts of clemency and expanded the number of cabinet officers eligible to participate with him in the exercise of these powers[7], we see no reason to depart from our previous view that the Legislature may not intrude into this area of constitutional authorization. For that reason, and without regard to the absence of an express exemption in the Administrative Procedure Act for members of the cabinet, we believe that the acts of approval by members of the cabinet are also beyond the scope of the Act.
It is our opinion, therefore, that the requirements of Chapter 120, Florida Statutes (1975), do not apply to the exercise of the clemency powers conferred on the Governor or the members of the Cabinet by Article IV, Section 8, of the Florida Constitution.
Respectfully,
 Ben F. Overton
 ------------------------
 S/Ben F. Overton
 S/B.K. Roberts
 ------------------------
 B.K. Roberts
 S/James C. Adkins
 ------------------------
 James C. Adkins
 S/Joseph A. Boyd, Jr.
 ------------------------
 Joseph A. Boyd, Jr.
 S/Alan C. Sundberg
 ------------------------
 Alan C. Sundberg
 S/Joseph W. Hatchett
 ------------------------
 Joseph W. Hatchett
ENGLAND, J., concurring in part and dissenting in part.
Dear Governor Askew:
I fully concur with the opinion of my colleagues insofar as it relates to the powers of the Governor under Article IV, Section 8 of the Constitution. I cannot agree that we are authorized to express an opinion as to the applicability of the Act to members of the cabinet, and I therefore express no view on that subject. See In re Opinion Supreme Court, 39 Fla. 397, 22 So. 681 (1897). And cf., Jones v. Kind, 61 So.2d 188 (Fla. 1952).
Respectfully,
 S/Arthur J. England, Jr.
 -------------------------
 Arthur J. England, Jr.
NOTES
[1] The Act was amended in particulars not relevant here by Chapters 75-107 and 75-191, Laws of Florida.
[2] The operative provisions of the Act concern only "agencies" as defined in the Act. Section 120.52(1)(a), Fla. Stat. (1975), defines "agency" to mean "The governor in the exercise of all executive powers other than those derived from the Constitution." (emphasis added).
[3] These powers include the exclusive right to suspend the collection of fines and forfeitures and to grant reprieves, together with the shared power to grant pardons, restore civil rights, commute punishments, and remit fines and forfeitures.
[4] In Re Advisory Opinion of the Governor Civil Rights, 306 So.2d 520 (Fla. 1975); Singleton v. State, 38 Fla. 297, 21 So. 21 (1896).
[5] See Ex parte White, 131 Fla. 83, 178 So. 876 (1938).
[6] See footnote 4 above.
[7] Compare Article IV, § 8(a), Fla. Const. (1968), with Article IV, §§ 11 and 12, Fla. Const. (1885).