QUESTION:
Is the Administrative Procedure Act, Ch. 120, F. S., applicable to proceedings of the Constitution Revision Commission?
SUMMARY:
The Administrative Procedure Act, Ch. 120, F. S., is not applicable to proceedings of the Constitution Revision Commission.
Section 120.52, F. S., defines `agency' to include:
 Each other state officer and state department, departmental unit described in s. 20.04, commission, regional planning agency, board, district, and authority, including, but not limited to, those described in chapters 160, 163, 298, 373, 380 and 582. [Section 120.52(1)(b), F. S.; emphasis supplied.]
Thus, by its terms, s. 120.52, F. S., is applicable to all state commissions including, presumably, the Constitution Revision Commission.
The Constitution Revision Commission is created at s. 2, Art. XI, State Const. The Constitution establishes the number and method of selection of the commission's membership and when such selection shall occur. But see In re Advisory Opinion of the Governor,343 So.2d 17 (Fla. 1977). Section 2(c), Art. XI, State Const., provides that:
 Each constitution revision commission shall convene at the call of its chairman, adopt its rules of procedure, examine the constitution of the state, hold public hearings, and not later than one hundred eighty days prior to the next general election, file with the secretary of state its proposal, if any, of a revision of the constitution or any part of it. (Emphasis supplied.)
The touchstone for determining the intent of a constitutional provision has always been the intent of the people at the time the document was adopted. See, e.g., In re Advisory Opinion to the Governor, 243 So.2d 573 (Fla. 1971); In re Advisory Opinion to the Governor, 223 So.2d 35 (Fla. 1969). As the Supreme Court of Florida has indicated, the documents which were submitted to the public in mid-1968 as explanatory material for the proposed constitution uniformly indicate an intention to create a Constitution Revision Commission which, inter alia, would act without intervention by the Legislature. See In re Advisory Opinion, 343 So.2d at 22. The Constitution revision process was, in the opinion of the court, `. . . patently designed to bypass input from the legislative branch. . . .' In re Advisory Opinion,343 So.2d at 23.
The commission which was established by the people through their constitution, has been granted the constitutional authority to establish its own rules of procedure (subject only to the constitutional requirement that it must hold public hearings) in order to ensure that the commission be independent and free from interference from any branch of government.
In a similar context, the Supreme Court has recognized that in order for judicial nominating commissions to be constitutionally independent as the electorate intended the members of the various commissions throughout the state must have the power to promulgate rules of procedure for their hearings and findings, independent of any of the three standard recognized divisions of state government. In In re Advisory Opinion, 276 So.2d 25, 30 (Fla. 1973), the court stated that:
 The power and duty for promulgating rules for the commissions must rest with the members of the commissions. To serve the purposes sought by the people, it is necessary that the Commissions remain independent. . . .
To permit one branch of government to impose rules of procedure upon another coordinate constitutional branch or entity would destroy the constitutional independence of such branch or entity.Cf. In re Advisory Opinion, 276 So.2d 30; In re Advisory Opinion,334 So.2d 561 (Fla. 1976). When the Constitution grants to a constitutionally created commission the power to adopt its own rules of procedure and such power is, therefore, derived solely and exclusively from the Constitution, legislative intervention into the manner of exercise of such power is unwarranted. In re
Advisory Opinion, 334 So.2d at 562.
The Constitution requires the commission to adopt its own rules of procedure independent of any of the three branches of government. The commission is not subject to the requirements of Ch. 120, F. S., when discharging its constitutional duties pursuant to s. 2, Art. XI, State Const.
Prepared by: Sharyn L. Smith Assistant Attorney General