Alice Ragsdale Coordinator Office of Executive Clemency Tallahassee
QUESTIONS:
1. Does a felony conviction of a person under 18 years of age disqualify such person from voting or holding public office upon reaching majority or deny to him the exercise or enjoyment of other civil or political rights or privileges under the laws?
2. is such convicted felon qualified to vote or hold public office or to exercise and enjoy any other statutorily regulated civil or political rights or privileges without restoration of such rights or privileges under s. 8, Art. IV, State Const., by the Governor with the approval of three Cabinet members?
SUMMARY:
Constitutional and statutory restrictions on the exercise of civil and political rights and privileges by a person convicted of a felony apply regardless of the age of the person at the time of conviction. The operation of such constitutional and statutory provisions is not affected by the fact that a person was a minor (and thus not yet able to exercise such rights and privileges) at the time of conviction. The requirement that a convicted felon's civil rights be restored before certain civil or political rights or privileges may be exercised, and the procedures for restoration of civil rights by the Governor and three members of the Cabinet, also apply regardless of a person's age at the time of a felony conviction.
From your letter and accompanying enclosure, I assume for purposes of this opinion that your inquiry refers to persons under the legal age of majority who have been duly convicted of felonies and sentenced to imprisonment in the state penitentiary. I also assume that the sentences of some of these persons were commuted by the State Pardon Board (by substituting therefor the commitment of such minors to the Division of Youth Services until the age of 21 or until discharged by the State Pardon Board) under former s. 959.11, F. S. 1971, prior to its repeal by s. 10, Ch. 72-179, Laws of Florida, effective July 1, 1972; and that, pursuant to s. 959.116(1), F. S., some of them were transferred from the Division of Corrections (now Department of Offender Rehabilitation) to the Division of Youth Services (now the youth services programs of the Department of Health and Rehabilitative Services) for the remainder of their sentences or until they reached the age of 21. If their sentences did not terminate on their reaching age 21, I assume that they were transferred to the Division of Corrections (now Department of Offender Rehabilitation) or to the supervision of the Parole and Probation Commission (the latter's supervisory duties now being assigned to the Department of Offender Rehabilitation).
Section 4, Art. VI, State Const., provides:
 No person convicted of a felony, or adjudicated in this or any other state to be mentally incompetent, shall be qualified to vote or hold office until restoration of civil rights or removal of disability.
The above-quoted constitutional provision applies by its terms to all persons convicted of a felony without specification as to the age or time of conviction of such persons. This fact was impliedly accepted and announced in In re Advisory Opinion of the Governor Civil Rights, 306 So.2d 520, 521-22 (Fla. 1975), wherein the justices, referring to the above-quoted constitutional provision, stated: `Conviction of a felony removes many civil rights of aperson.' (Emphasis supplied.) In addition, s. 944.293, F. S., delineating the procedure to be followed with regard to an application for restoration of civil rights, applies to `thosepersons convicted of a felony . . . .' (Emphasis supplied.)
Various statutes provide that convicted felons, `unless restored to civil rights,' are disqualified from certain rights and responsibilities of citizenship, applying by their terms to `persons.' See, for example, ss. 40.01(2) and 40.07(1), F. S. (`No person' convicted of a felony is qualified to serve as a juror unless restored to civil rights); s. 97.041(3)(b), F. S. (`Persons' convicted of any felony and whose civil rights have not been restored are not entitled to register or to vote); and s.775.13(1) and (5), F. S. (`Any person' convicted of a felony in any Florida court must, within 48 hours after entering any county, register with the sheriff thereof unless, inter alia, the person has received a full pardon or his civil rights have been restored.See also s. 112.011(1)(a) and (b), F. S. (`A person' convicted of a felony or first degree misdemeanor may be denied certain described employment if the crime was `directly related' to the employment or to the occupation, trade, vocation, profession, or business for which a license, permit, or certificate is sought), and s. 561.15(2), F. s. (no license may be issued under the Beverage Law to `any person' convicted of any felony within the past 15 years in Florida, or of any offense designated a felony by any other state or by the United States).
Neither s. 4, Art. VI, State Const., nor any of the statutes enumerated above differentiates as to time of conviction or age at time of conviction. These statutes instead provide that no person may exercise the rights or fulfill the responsibilities regulated thereby if ever convicted of a felony (unless otherwise excepted or qualified by said statutes), unless and until civil rights have been restored. Exceptions are s. 112.011, F. S., providing in part that a person shall not be disqualified from employment by the state or political subdivisions or municipalities solely because of a prior conviction of a crime (except that a person may be denied employment by such governmental agencies if the crime was a felony or first-degree misdemeanor `directly related to the position of employment sought') and s. 561.15(2), F. S., prohibiting issuance of a license under the Beverage Law to persons convicted of specified crimes.
The Legislature has provided that use of the term `person' in the Florida Statutes shall, where the context of a particular statute will permit, be read as including `children.' Section 1.01(3), F. S. There being nothing to the contrary in the context of any of the above-mentioned statutes, it clearly appears that these statutes include children — and therefore minors — within the scope of their operation. Further, s. 6, Rules of Executive Clemency of Florida (hereinafter `Rules'), outlining a specific procedure for restoration of civil rights, does not distinguish between minors and adults. It applies by its terms to `a person . . . convicted in a Florida state court and [who] has completed service of all sentences imposed or [who] has terminated from parole or probation' (s. 6A, Rules); to `[a]ny person' released prior to November 1, 1975, and `who otherwise qualifies' (s. 6B, Rules); and to `[e]ach applicant for restoration of civil rights in the State of Florida . . .' (s. 6D, Rules).
Disqualification of persons from the exercise of civil rights when such persons have been convicted of a felony and have not had their civil rights restored is the apparent rationale behind AGO 046-62, Biennial Report of the Attorney General, 1945-46, p. 162. That opinion dealt with the question of whether a person who had been convicted of a felony and served a sentence therefor prior to becoming of voting age should be allowed to vote upon reaching voting age even though said person's civil rights had not been restored. The statute in question was an early version of s.97.041(3)(b), supra, and provided that `persons who have been convicted of any felony by any court of record shall not be entitled to vote.' [Section 98.01, F. S. 1941; emphasis supplied.] The conclusion reached in AGO 046-62 was that the person in question
 . . . would have no right to vote unless and until his civil rights have been restored to him. I can see no difference between the application of this law to one who was convicted prior to his becoming of voting age and to one who was convicted after he had become of voting age.
A like interpretation was given in the case of People v. Park,41 N.Y. 21 (1896), in which one Corbin, a witness for the prosecution in a criminal trial, was objected to as incompetent under a statute preventing the testimony of a witness who had previously been convicted of a felony on the ground that Corbin had been convicted of, and sentenced to a reformatory for, the crime of burglary of the third degree. Corbin was `under the age of sixteen years' at the time of his conviction. Id. at 23. The New York Court of Appeals held that Corbin's testimony should have been excluded. In the course of its opinion, the court construed a statutory definition of the term `felony' similar to that given in s. 10, Art. X of the Florida Constitution and in s. 775.08(1), F. S., and concluded that the applicable statutes did not differentiate between minors and adults:
 The Revised Statutes declare the term `felony,' where used therein, to mean an offense for which the offender, on conviction, shall be liable by law to be punished by death or imprisonment in State prison. (2 R.S., 702, s. 30.) . . . The statute is to be construed as declaring that the term `felony,' as therein used, means any crime which is punishable by death or by imprisonment in the State prison, without reference to the personal exemptions or exceptions of the criminal. . . . Burglary in the third degree is felony
[sic], within the statutory definition of that term; and in the view above taken it does not los that character, because the convict is under sixteen years of age. . . . I therefore hold that burglary, in the third degree, is a felony, no matter what may be the age of the convict. . . . That being so, and the witness, Corbin, having been convicted of such offense and sentenced, and not restored to citizenship, was excluded by the statute, and was incompetent to testify as a witness. [Id. at 24-25.]
With specific regard to the procedure for securing `restoration of civil rights,' the Legislature has provided in s. 944.292, F. S., as follows:
 Upon conviction of a felony as defined in s. 10, Art. X of the State Constitution, the civil rights of the person convicted shall be suspended in Florida until such rights are restored by a full pardon, conditional pardon, or restoration of civil rights granted pursuant to s. 8, Art. IV of the State Constitution.
Therefore, only one means exists by which civil rights may be effectively restored or, alternatively, by which the disqualifications established with respect to the rights and responsibilities regulated by the above statutes and by s. 4, Art. VI, State Const., may be removed. That means is provided for in s. 8(a), Art, IV, State Const.:
 Except in cases of treason and in cases where impeachment results in conviction, the governor may, by executive order filed with the secretary of state, suspend collection of fines and forfeitures, grant reprieves not exceeding sixty days and, with the approval of three members of the cabinet, grant full or conditional pardons, restore civil rights, commute punishment, and remit fines and forfeitures for offenses. (Emphasis supplied.)
The power to restore civil rights vested in the executive by this provision is exclusive. In re Advisory Opinion of the Governor, 334 334 So.2d 561, 562 (Fla. 1976); In re Advisory Opinion of the Governor Civil Rights, 306 So.2d at 523; Ex parte White,178 So. 876, 878-80 (Fla. 1938) (construing s. 12, Art. IV, State Const. 1885, the predecessor of s. 8, Art. IV, State Const.); Singleton v. State, 21 So. 21, 22-23 (Fla. 1896) (same). With regard to `restoration of civil rights' of minors who find themselves in the circumstances outlined earlier in this opinion, s. 944.293, F. S., imposes a duty upon the Department of Offender Rehabilitation, through its authorized agents, to assist `those persons convicted of a felony' (including minors convicted of felonies; see s.1.01[3], supra) in preparing all materials necessary for the restoration of civil rights:
 With respect to those persons convicted of a felony, the following procedure shall apply: Prior to the time an offender is discharged from supervision, an authorized agent of the Department of Offender Rehabilitation shall obtain from the Governor the necessary application and other forms required for the restoration of civil rights. The authorized agent shall assist the offender in completing these forms and shall insure that the application and all necessary material are forwarded to the Governor before the offender is discharged from supervision.
(While the above-quoted statute does not by its terms impose a similar duty upon authorized agents of the Department of Health and Rehabilitative Services with regard to minors who are or have been in the custody or under the supervision thereof, it would appear advisable — and I strongly recommend — that authorized agents of the Department of Health and Rehabilitative Services offer all necessary assistance to such minors in obtaining and completing all forms and materials necessary for the restoration of civil rights.) In addition, s. 940.05, F. S., provides:
 Any person who has been convicted of a felony may be entitled to the restoration of all the rights of citizenship enjoyed by him prior to his conviction if he complied with one of the following criteria:
(1) Has received a full pardon from the board of pardons, or
 (2) Has served the maximum term of the sentence imposed upon him, or
 (3) Has been granted his final release by the Parole and Probation Commission.
This statute provides that convicted felons `may be entitled to the restoration' of all rights of citizenship and does not by its terms purport to grant restoration of such rights, and s. 940.06, F. S., requires the Parole and Probation Commission to submit to the Governor and Cabinet the names of persons who qualify for the restoration of civil rights in accordance with s. 940.05.
Therefore, until this matter is judicially determined otherwise, I am of the opinion that all minors who have been heretofore duly convicted of a felony as defined in s. 10, Art. X, State Const. — including minors transferred from the Department of Offender Rehabilitation to the youth services programs of the Department of Health and Rehabilitative Services pursuant to s. 959.116(1), F. S., and minors whose sentences were commuted pursuant to s. 959.11, F. S. 1971 — who have completed their sentences or who have been terminated from parole or probation come within the operation of the statutes enumerated above which regulate rights and duties of `persons.' Thus, such persons may not exercise the rights and duties enumerated in the statutes until they have been restored to civil rights in accordance with the statutory and constitutional provisions which outline the procedure for restoration of civil rights of such persons and in accordance with s. 6, Rules, supra.
Prepared by: Jerald S. Price, Assistant Attorney General
Dennis Wall, Legal Research Assistant