389 So.2d 1181 (1980)
Louie L. WAINWRIGHT and Florida Parole and Probation Commission, Appellants,
v.
Larry Edward TURNER, James Benner Bailey, Jr., William G. Brooker, Richard Lee Rieser, Howard Gene Kilgore, and John Michael Haddon, Appellees.
No. 58572.
Supreme Court of Florida.
October 30, 1980.
Michael H. Davidson, General Counsel for the Florida Parole and Probation Commission, Tallahassee, for appellants.
Richard A. Belz and Thomas A. Daniel of the Florida Institutional Legal Services, Inc., Gainesville, for appellees.
ALDERMAN, Justice.
The issue to be resolved in this appeal is whether the open public meetings law, section 286.011, Florida Statutes (1977), applies to parole revocations meetings of the Parole and Probation Commission.[1] Construing *1182 article IV, section 8, and article II, section 3, Florida Constitution (1968), the First District Court of Appeal held that it did.[2] We agree and affirm the decision of the district court.
In defense of its failure to comply with section 286.011, the Commission contends that under article IV, section 8(c), parole revocation is a function of the executive branch and is akin to the pardon power, which historically and constitutionally is a matter of executive grace, to be exercised on occasions and in a manner determined by the executive, free of legislative or judicial control. The Commission concedes that section 8(c), which provides that a parole and probation commission "may be created by law," is not self-executing. It contends, however, that despite the fact that it was created by law, in dispensing paroles, it partakes of the executive's immunity from legislative control.
The district court, in a well-reasoned and articulate opinion written by Judge Robert Smith, rejected the Commission's arguments and correctly decided this case based upon the historical and constitutional distinction between the executive's pardon power and its parole power. Accordingly, the decision of the district court is affirmed, and this case is remanded for further proceedings.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ENGLAND and McDONALD, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution (1972).
[2] Turner v. Wainwright, 379 So.2d 148 (Fla. 1st DCA 1980).