Ms. Anabel P. Mitchell Chairman Florida Parole and Probation Commission 1309 Winewood Boulevard Building 6, Third Floor Tallahassee, Florida 32301
Dear Ms. Mitchell:
This is in response to your request for an opinion on substantially the following questions:
 1. IS A PERSON WHOSE PAROLE IS REVOKED, FOLLOWING HIS CONVICTION OF A CRIME FOR WHICH HE IS SENTENCED PURSUANT TO SENTENCING GUIDELINES EITHER CONSECUTIVE TO OR CONCURRENT WITH HIS PRESENT COMMITMENT, ELIGIBLE FOR PAROLE UPON HIS UNEXPIRED SENTENCE(S) TO INCARCERATION WHICH WERE IMPOSED PRIOR TO SENTENCING GUIDELINES?
 2. IS A PERSON WHO HAS BEEN CONVICTED OF ONE OR MORE MISDEMEANORS, AND THEREFORE WAS NOT SENTENCED UNDER SENTENCING GUIDELINES, ELIGIBLE FOR PAROLE UNDER s 947.16(1), F.S., ASSUMING SUCH PERSON'S SENTENCES OR CUMULATIVE SENTENCES TOTAL 12 MONTHS OR MORE AND HE IS OTHERWISE ELIGIBLE FOR PAROLE?
 3. IS A PERSON ELIGIBLE FOR PAROLE WHO, AFTER OCTOBER 1, 1983, RECEIVED A SENTENCE FOR A CRIME COMMITTED ON OR AFTER THAT DATE UNDER PROVISIONS OF THE YOUTHFUL OFFENDER ACT (CH. 958, F.S.), THE MENTALLY DISORDERED SEX OFFENDER ACT (CH. 917) OR WHICH REQUIRES PARTICIPATION IN A DRUG REHABILITATION PROGRAM (s 397.12, F.S.), AND THE SENTENCE DOES NOT CONFORM TO SENTENCING GUIDELINES?
QUESTION ONE
Your first question concerns whether a person serving a sentence not imposed under the sentencing guidelines is reeligible for parole on that sentence after parole has been revoked because of a new offense for which a lawful guidelines sentence has been imposed. It is my opinion that this question should be answered in the affirmative.
Chapter 83-87, Laws of Florida [adding s 921.001(8), F.S.] makes it clear that parole is no longer a method of release for persons convicted of crimes on or after October 1, 1983, or for persons otherwise lawfully sentenced under the guidelines. While the Staff Analysis to Senate Bill 1140 (Ch. 83-87) indicates that the Legislature was aware that the imposition of the guidelines would have a significant effect on the Parole Commission, there is no indication that parole was intended to be prohibited for non-guidelines sentences imposed for crimes committed prior to October 1, 1983. Thus, persons who were convicted prior to the effective date of the guidelines and who were not sentenced under the guidelines would still be eligible for parole consideration on the former offense as long as the prerequisites of Ch. 947, F.S. are met. Of course, Ch. 83-87 prohibits parole consideration for the latter offense upon which a guidelines sentence was imposed.
QUESTION TWO
Your second question concerns the parole eligibility of a person (not sentenced under the guidelines) who was convicted of misdemeanors for which sentences totaling 12 months or more were imposed and who was otherwise eligible for parole under Ch. 947, F.S. This question should be answered in the negative.
Subsection (8) of Ch. 83-87, makes it clear that "[t]he provisions of chapter 947 shall not be applied to" persons convicted of crimes committed after October 1, 1983. A misdemeanor is a crime. See s 775.08(4), F.S. In reaching this conclusion, I am aware of the statement of intent on House Bill 1325 (Senate Bill 1140) which seems to make the guidelines applicable to "felonies." Journal of the House of Representatives, p. 781 (May 30, 1983). However, thereafter, the Legislature explicitly used the term "crimes" when Ch. 83-87 was enacted, and since this later expression by the Legislature "is clear and unequivocal, . . . legislative intent may be gleaned from the words used without applying incidental rules of construction." Reino v. State,352 So.2d 853, 860 (Fla. 1977).
Therefore, it is my opinion that misdemeanants convicted of crimes committed after October 1, 1983, are not eligible for parole consideration.
QUESTION THREE
Your third question concerns the parole eligibility of persons sentenced under Ch. 917, F.S. (Mentally Disordered Sex Offender Act), s 397.12, F.S. (Drug Rehabilitation Program), and Ch. 958, F.S. Youthful Offender Act). This question should also be answered in the negative.
As previously stated, when Ch. 83-87 was enacted, the Legislature mandated that Chapter 947, F.S. was not applicable to persons convicted of crimes committed after the effective date of the guidelines. No exceptions were included by the Legislature in the statute. While it is true that the Committee Note to Fla.R.Crim.P. 3.701(d)(11) does provide for the exceptions you have noted, to the extent that the rule conflicts with the statute, the Legislature's clear statement must be given effect.
The Supreme Court of Florida has repeatedly explained that when statutes conflict with court rules, a statute must be given effect over the rule if the issue involves questions of "substantive law." See, e.g., Benyard v. Wainwright, 322 So.2d 473, 475
(Fla. 1975). In that case, the Court also noted that:
 Substantive law prescribes the duties and rights under our system of government. The responsibility to make substantive law is in the legislature within the limits of state and federal constitutions. Procedural law concerns the means and method to apply and enforce those duties and rights.
Id.
 The only question which remains is whether Ch. 83-87 involves procedural or substantive law. In my opinion, the portion of subsection (8) which eliminates parole eligibility for persons convicted of crimes committed after October 1, 1983, is clearly substantive. The Florida Supreme Court has held that s 921.141, F.S., which addresses aggravating and mitigating circumstances in capital cases (in effect, capital sentencing guidelines), is substantive rather than procedural. See Morgan v. State, 415 So.2d 6, 11 (Fla. 1982); State v. Dixon, 283 So.2d 1 (Fla. 1973), cert. denied, Hunter v. Florida, 416 U.S. 943 (1974); s 2(a), Art. V, State Const. I see no distinction between capital sentencing guidelines and the guidelines of Chapter 83-87, at least as to whether such guidelines are substantive law.
 Concerning the Legislature's decision to deny parole eligibility to persons convicted of all crimes which are committed after a certain date, such decision necessarily involves substantive law because it "prescribes the duties and rights under our system of government." Benyard v. Wainwright, supra. For example, the Supreme Court of Florida has held that the Legislature may limit the Parole Commission's power to grant parole to persons convicted of first degree murder. Owens v. State, 316 So.2d 537, 538
(Fla. 1975). Similarly, the Court has upheld the Legislature's determination that certain other crimes may be punished by a minimum sentence without possibility of parole for a certain period of time. Sowell v. State, 342 So.2d 969 (Fla. 1977). See also Turner v. Wainwright, 379 So.2d 148, 154 (Fla. 1st DCA), aff'd, 389 So.2d 1181 (Fla. 1981).
 Consequently, I perceive no intrusion into the rule making power of the judiciary by the Legislature's choosing to eliminate parole eligibility for certain crimes.
 In summary, I am of the opinion that Ch. 83-87 makes it clear that the Legislature intended that parole be precluded for all persons convicted of crimes committed after October 1, 1983, as well as for persons sentenced under the guidelines, regardless of when their crimes occurred. However, parole will still be possible for persons who committed crimes prior to the effective date of the guidelines and who were not sentenced under guidelines, provided they otherwise satisfy the criteria of Ch. 947.
Sincerely,
Jim Smith Attorney General
Prepared By:
Lawrence A. Kaden Assistant Attorney General