MILLS, Judge.
Jack D. Phillips appeals from the denial of a rulemaking petition addressed to the Board of Pardons and seeking the promulgation of rules, pursuant to the Administrative Procedures Act, for the implementation of Section 944.30, Florida Statutes (1985). We affirm.
Phillips is a convicted felon lawfully confined by the Department of Corrections (DOC) under a “capital life sentence,” that is, a mandatory minimum term of 25 years, *1155 of which he has served more than 10 years. Pursuant to Section 944.30,
[a]ny prisoner who is sentenced to life imprisonment, who has actually served 10 years and has sustained no charge of misconduct and has a good institutional record, shall be recommended by the department [of corrections] for a reasonable commutation of his sentence, and if the same be granted, commuting the life sentence to a term of years, then such prisoner shall have the benefit of the ordinary commutation, as if the original sentence was for a term of years, unless it shall be otherwise ordered by the Board of Pardons.
In his petition below, Phillips acknowledged that the constitutional clemency powers of the executive could not be regulated by statute, but alleged that this provision created a statutory power of sentence commutation apart from the constitutional grant and was therefore subject to codification by rule. We disagree.
Article IV, Section 8 of the Florida Constitution provides that:
Except in cases of treason and in cases where impeachment results in conviction, the governor may, by executive order filed with the secretary of state, suspend collection of fines and forfeitures, grant reprieves not exceeding sixty days and, with the approval of three members of the cabinet, grant full or conditional pardons, restore civil rights, commute punishment, and remit fines and forfeitures for offenses, (emphasis supplied).
Therefore, the power of sentence commutation is clearly of constitutional origin and the exercise thereof is not subject to the Administrative Procedures Act, even though three members of the cabinet must approve the governor’s commutation decisions. In re Advisory Opinion of the Governor, 334 So.2d 561, 562-63 (Fla.1976).
Further, Section 944.30 is not addressed to these constitutional powers, but rather to DOC, requiring that department to recommend prisoners for clemency when certain conditions are met. The constitutional origin and protected exercise of the clemency power are in no way affected by this statute, and the rulemaking petition was correctly denied.
Affirmed.
SMITH and THOMPSON, JJ., concur.