Mr. Kenneth W. Simmons Chairman Florida Parole and Probation Commission 1309 Winewood Boulevard Building 6, Third Floor Tallahassee, Florida 32301
Dear Mr. Simmons:
This is in response to your request for an Attorney General's Opinion on substantially the following question:
 ARE MATERIALS GATHERED BY THE PAROLE AND PROBATION COMMISSION PURSUANT TO RULE 15, RULES OF EXECUTIVE CLEMENCY, RESPECTING AN APPLICATION FOR CLEMENCY SUBJECT TO THE DISCLOSURE PROVISIONS OF CH. 119, F.S.?
Your letter indicates that, pursuant to the provisions of Rule 15, Rules of Executive Clemency, the Governor and Cabinet may direct the Parole and Probation Commission to investigate, report and make recommendations respecting applicants for clemency. You state that in carrying out the directive of the Governor and Cabinet, the commission acts in the capacity of staff to the executive on matters of clemency.
The Constitution of the State of Florida divides the powers of government into three departments or branches — the legislative, executive and judicial — and provides that no person properly belonging to one of the departments shall exercise any powers belonging to either of the others, except in cases expressly provided for by the Constitution. Section 3, Art. II, State Const. And see, Singleton v. State, 21 So. 21 (Fla. 1896). Cf., White v. Johnson, 59 So.2d 532 (Fla. 1952).
The clemency power is described in s. 8, Art. IV, State Const., which also provides for the creation and authority of a parole and probation commission, and states that:
 (a) Except in cases of treason and in cases where impeachment results in conviction, the governor may, by executive order filed with the secretary of state, suspend collection of fines and forfeitures, grant reprieves not exceeding sixty days and, with the approval of three members of the cabinet, grant full or conditional pardons, restore civil rights, commute punishment, and remit fines and forfeitures for offenses.
 (b) In cases of treason the governor may grant reprieves until adjournment of the regular session of the legislature convening next after the conviction, at which session the legislature may grant a pardon or further reprieve; otherwise the sentence shall be executed.
 (c) There may be created by law a parole and probation commission with power to supervise persons on probation and to grant paroles or conditional releases to persons under sentences for crime. The qualifications, method of selection and terms, not to exceed six years, of members of the commission shall be prescribed by law.
And see, Sullivan v. Askew, 348 So.2d 312, 314 (Fla. 1977), cert. den., 434 U.S. 878 (1977) ("[t]he clemency power, which is the power to suspend collection of fines and forfeitures, to grant reprieves, to grant full or conditional pardons, restore civil rights, commute punishments, and to remit fines and forfeitures for offenses, reposes exclusively in the Chief Executive"); Ex Parte White, 178 So. 876 (Fla. 1938); Spinkellink v. Wainwright,578 F.2d 582 (5th Cir. 1978), cert. den., 440 U.S. 976 (1979), reh. den., 441 U.S. 937 (1979).
In Turner v. Wainwright, 379 So.2d 148 (1 D.C.A.Fla., 1980), affirmed and remanded, 389 So.2d 1181 (Fla. 1980), the First District Court of Appeal delineated the distinction between the parole power and the pardon power. The distinction drawn by the court between the executive's pardon power and its parole power turns upon the constitutional nature of the pardon power by which "the people of this state chose to vest sole, unrestricted, unlimited discretion exclusively in the executive in exercising this act of grace." Turner, supra at 154 (citing Sullivan v. Askew, 348 So.2d 312, 315 [Fla. 1977]. The parole power, however, resides in "a parole and probation commission" which "may be created by law," and which once created, is subject to all substantive and procedural laws which the Legislature addresses to it. This distinction was considered crucial to the court in determining whether the provisions of s. 286.011, F.S., the "Sunshine Law," applied to parole revocation meetings of the Parole and Probation Commission. It was the position of the commission that application of the Sunshine Law to these meetings would unconstitutionally invade the clemency prerogatives of the executive branch in violation of s. 8, Art. IV, State Const., supra, and s. 3 Art. II, State Const., supra.
Based on its consideration of these constitutional principles, the court agreed with the commission's premise that "the legislative branch is without authority to prescribe either the occasions for exercising the pardon power or the manner and procedure for its exercise." Turner, supra at 151. Thus the court concluded that s.286.011, F.S., could not constitutionally be held to require compliance with the terms of the Sunshine Law by the Governor or by the Governor and Cabinet in dispensing pardons and the other forms of clemency authorized by s. 8(a) Art. IV, State Const. However, the Parole and Probation Commission, as an executive commission created by law is subject to the Sunshine Law in carrying out its duties and responsibilities relating to parole. Turner, supra at 154. On appeal the Florida Supreme Court, recognizing the constitutional distinction between the executive's pardon power and its parole power, affirmed the lower court decision. See, Wainwright v. Turner, 389 So.2d 1181 (Fla. 1980).
In the case of In re Advisory Opinion of the Governor,334 So.2d 561 (Fla. 1976), the Court considered the applicability of the Administrative Procedures Act to gubernatorial grants of executive clemency which, under s. 8(a), Art. IV, State Const., require the approval of three members of the Cabinet. The opinion of the Court was that the requirements of Ch. 120, F.S., did not apply to the exercise of the clemency powers conferred on the Governor or the members of the Cabinet by s. 8, Art. IV, State Const. The exclusively constitutional nature of the executive clemency powers formed the basis on which the Court relied to support its determination that Ch. 120, F.S., was not applicable to the exercise of these powers.
 No aspect of clemency powers exists by virtue of a legislative enactment, and none could. These powers are "derived" solely from the Constitution. The exclusivity of the exercise of clemency powers by the executive branch is further buttressed in the area under consideration by the procedural requirements of the Constitution itself. Where that document sufficiently prescribes rules for the manner of exercise, legislative intervention into the manner of exercise is unwarranted. That is the situation here.
Advisory Opinion of the Governor, supra at 562. The Court stated at p. 563 that "without regard to the absence of an express exemption in the Administrative Procedure Act for members of the cabinet, we believe that the acts of approval by members of the cabinet are also beyond the scope of the Act." Cf., In Re Advisory Opinion of the Governor Civil Rights, 306 So.2d 520 (Fla. 1975), holding that a statutory provision authorizing the suspension and automatic reinstatement of the civil rights of convicted persons which was contained in the Correctional Reform Act of 1974 constituted a clear infringement upon the exclusive constitutional power of the Governor and Cabinet to restore civil rights pursuant to s. 8, Art. IV, State Const.
Thus, the nature of the clemency power is constitutional and vested exclusively in the executive and the Legislature is without authority to regulate the procedure or the exercise of this power. In the instant inquiry, the Parole and Probation Commission is acting as staff to and on behalf of the Governor on matters relating to clemency and the pardon power and not pursuant to the commission's statutorily prescribed parole authority.
As set forth in Rule 15 of the Rules of Executive Clemency of Florida:
 Every application which, on its face, meets the requirements for consideration, may be referred to the Florida Parole and Probation Commission for investigation, report and recommendation. Due to the nature of the information presented to the Governor and Cabinet by the Florida Parole and Probation Commission for the purpose of the consideration of Executive Clemency, the confidentiality of certain portions of the material must be maintained. Those whose applications have been submitted are required to comply with reasonable requests of the Florida Parole and Probation Commission in order to facilitate and expedite investigation of their case.
Cf., Sullivan v. Askew, supra, wherein the court considered the rules of executive clemency adopted by the executive and determined that such procedures were in accord with the grant of constitutional authority under s. 8, Art. IV, State Const., and that these procedures did not impose constitutionally objectionable conditions. Rule 15, supra, states that "the confidentiality of certain portions of the material must be maintained." This office is without authority to further delineate what portions of the materials in the possession of the Governor and Cabinet for purposes of the consideration of executive clemency are confidential. Clearly, this is a matter for determination by the executive.
In sum, it is my opinion that where the Parole and Probation Commission is directed by the Governor and Cabinet, pursuant to Rule 15, Rules of Executive Clemency, to investigate, report and make recommendations to the Governor and Cabinet regarding an application for clemency and is acting on behalf of the executive under the constitutionally derived pardon power rather than the commission's own statutory parole authority, the materials gathered in the course of carrying out the executive directive are not subject to the legislative mandate of Ch. 119, F.S., as such procedures fall within the ambit of the clemency power which is vested solely in the executive pursuant to s. 8, Art. IV, State Const.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General