Mr. Charles C. Clark Harris Chain of Lakes Restoration Council 35320 West Griffin Drive Fruitland Park, Florida 34731-6088
Dear Mr. Clark:
On behalf of the Harris Chain of Lakes Restoration Council, you ask the following question:
Is the Harris Chain of Lakes Restoration Council, created within the St. Johns River Water Management District, by Chapter 01-246, Laws of Florida, subject to the Government in the Sunshine Law?
The Harris Chain of Lakes Restoration Council (council) was created by Chapter 01-246, Laws of Florida, within the St. Johns River Water Management District. The nine members of the council serve as advisors to the governing board of the water management district.[1] Section (1)4 of Chapter 01-246 provides:
"The council shall have the powers and duties to: (a) Review audits and all data specifically related to lake restoration techniques and sport fish population recovery strategies, including data and strategies for shoreline restoration, sediment control and removal, exotic species management, floating tussock management or removal, navigation, water quality, and fish and wildlife habitat improvement, particularly as they may apply to the Harris Chain of Lakes. (b) Evaluate whether additional studies are needed. (c) Explore all possible sources of funding to conduct the restoration activities. (d) Report to the President of the Senate and the Speaker of the House of Representatives before November 25 of each year on the progress of the Harris Chain of Lakes restoration program and any recommendations for the next fiscal year."
In addition, the act provides that the Fish and Wildlife Conservation Commission and the St. Johns River Water Management District, in conjunction with the council among others, is responsible for reviewing existing restoration proposals to determine the most environmentally sound and economically feasible methods of improving the fish and wildlife and natural systems of the Harris Chain of Lakes.[2] Section286.011(1), Florida Statutes, Florida's Government in the Sunshine Law, in pertinent part, provides:
"All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting. The board or commission must provide reasonable notice of all such meetings."
As a statute enacted in the public interest, the Sunshine Law is to be broadly construed to effect its remedial and protective purpose.[3] The courts of this state have repeatedly stated that it is the entire decision-making process to which the Sunshine Law applies, not merely the meeting at which the final vote is taken.[4] Moreover, the law has been held applicable to advisory boards created by law or by public agencies even though their recommendations are not binding on the entities that created them. As the Third District Court of Appeal stated in SpillisCandela Partners, Inc. v. Centrust Savings Bank:[5]
"The law is quite clear. An ad hoc advisory board, even if its power is limited to making recommendations to a public agency and even if it possesses no authority to bind the agency in any way, is subject to the Sunshine Law."
A limited exception to the applicability of the Sunshine Law to advisory committees has been recognized for committees established for fact-finding only, i.e., strictly information gathering and reporting.[6]
When a committee, however, possesses the authority not only to conduct fact-finding but also to make recommendations, the committee is participating in the decision-making process and is, therefore, subject to section 286.011, Florida Statutes.[7]
A review of Chapter 01-246, Laws of Florida, indicates that the council is responsible for more than mere fact-finding. The council serves as an advisory board to the St. Johns River Water Management District and is responsible for working with the district and The Fish and Wildlife Conservation Commission to review restoration projects in order to determine which are the most feasible. In addition, the council makes progress reports to the President of the Senate and the Speaker of the House of Representatives including recommendations for the next fiscal year.
Section 1(1)(a) of Chapter 01-246, Laws of Florida, provides that the council is subject to the provisions of Chapters 119 and 120, Florida Statutes. The failure of the Legislature to specifically provide that the council is subject to section 286.011, Florida Statutes, does not necessarily remove the council from the scope of that statute. The case law interpreting the application of section 286.011, Florida Statutes, to advisory boards created by law clearly indicates that such a board is subject to the Sunshine Law.[8] Moreover, pursuant to Article I, section 24(b) and (c), Florida Constitution,
"(b) All meetings of any collegial public body of the executive branch of state government or of any collegial public body of a county, municipality, school district, or special district, at which official acts are to be taken or at which public business of such body is to be transacted or discussed, shall be open and noticed to the public and meetings of the legislature shall be open and noticed as provided in Article III, Section 4(e), except with respect to meetings exempted pursuant to this section or specifically closed by this Constitution. (c) This section shall be self-executing. The legislature, however, may provide by general law passed by a two-thirds vote of each house for . . . the exemption of meetings from the requirements of subsection (b), provided that such law shall state with specificity the public necessity justifying the exemption and shall be no broader than necessary to accomplish the stated purpose of the law. . . ."
Accordingly, in light of the above and in the absence of a specific exemption, I am of the opinion that the Harris Chain of Lakes Restoration Council, created within the St. Johns River Water Management District, by Chapter 01-246, Laws of Florida, to advise the governing board of the district, is subject to the Government in the Sunshine Law.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] Section 1(1)(a), Ch. 01-246, Laws of Fla.
[2] Section 2(1), Ch. 01-246, Laws of Fla.
[3] See Wood v. Marston, 442 So.2d 934, 938 (Fla. 1983); Canney v.Board of Public Instruction of Alachua County, 278 So.2d 260 (Fla. 1973); Board of Public Instruction of Broward County v. Doran,224 So.2d 693 (Fla. 1969).
[4] See Board of Public Instruction of Broward County v. Doran, supra
at 699, in which the court recognized the right of the public to be present and heard during all phases of enactments by public boards and commissions; Krause v. Reno, 366 So.2d 1244 (Fla. 3rd DCA 1979).
[5] 535 So.2d 694, 695 (Fla. 3rd DCA 1988). In reaching this conclusion, the court relied on the decision of the Florida Supreme Court in Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974), in which the Court held that a citizens' planning commission established by the town council to act as an advisory group to the council regarding the formulation of the zoning plan was subject to the Sunshine Law.
[6] See e.g., Cape Publications, Inc. v. City of Palm Bay, 473 So.2d 222
(Fla. 5th DCA 1985); Bennett v. Warden. 333 So.2d 97 (Fla. 2nd DCA 1976) (fact-finding committee appointed by community college president to report to him on employee working conditions not subject to Sunshine Law); Op. Att'y Gen. Fla. 95-06 (1995) (when group, on behalf of a public entity, functions solely as a fact-finder or information gatherer with no decision making authority, no board or commission subject to the Sunshine Law is created).
[7] See Op. Att'y Gen. Fla. 94-21 (1994).
[8] Cf. Turner v. Wainwright, 379 So.2d 148, 155 (Fla. 1st DCA 1980),affirmed and remanded, 389 So.2d 1181 (Fla. 1980), in which the court rejected a board's argument that a legislative requirement that certain board meetings be open to the public implied that the board could meet secretly to discuss other matters. And see Board of Public Instruction ofBroward County v. Doran, 224 So.2d 693 (Fla. 1969) (as a statute enacted for the public benefit, the Sunshine Law should be liberally construed);Town of Palm Beach v. Gradison, 296 So.2d 473, 477 (Fla. 1974) (when in doubt, the members of any board, agency, authority or commission should follow the open-meetings policy of the State).