WINOKUR, J.
This is an appeal of an order dismissing Appellant Ruggirello’s petition for writ of mandamus seeking a recommendation for commutation of his life sentence to a term of years as moot, and a separate order placing a hen on his inmate account. We find that the court correctly concluded that Ruggirello’s mandamus petition was not a “collateral criminal proceeding” and that the petition was therefore subject to a hen for costs and fees under section 57.085(5), Florida Statutes. Ruggirello does not challenge the finding that his mandamus petition was. moot. Accordingly, we affirm both orders.
*937 I.
Ruggirello filed a mandamus petition seeking to compel the Department of Corrections (“DOC”) to recommend “executive clemency/commutation” of his life sentence to a term of years, pursuant to section 944.30, Florida Statutes. In response, DOC made the requested recommendation and then moved to dismiss the mandamus petition as moot. The court dismissed the petition as moot, but by separate order, found Ruggirello to be indigent and placed a lien on his inmate account pursuant to section 57.085(5). The court denied Ruggi-rello’s motion for rehearing challenging the lien. Ruggirello filed a petition for writ of certiorari in this Cdurt, which this Court converted to an appeal.
Ruggirello argues that his mandamus petition constituted a collateral criminal proceeding and was therefore exempt from the lien provision of section 57.085(5). DOC filed a concession of error, agreeing with Ruggirello that the petition below should have qualified as a lien-exempt collateral criminal proceeding under Schmidt v. Crusoe, 878 So.2d 361 (Fla.2003), and Geffken v. Strickler, 778 So.2d 975 (Fla.2001). We cannot agree, and therefore reject the concession of error.
When an indigent prisoner initiates a judicial proceeding, section 57.085(5), Florida Statutes, requires the court to order the inmate to make payments from the inmate’s trust account for court costs and fees, and requires DOC to place a lien on the trust account. Subsection (10) provides that the lien requirement “does not apply to a criminal proceeding or a collateral criminal proceeding.” A proceeding is a “criminal proceeding or a collateral criminal proceeding” under this statute where an “inmate’s time in prison is directly affected” by the outcome. Schmidt, 878 So.2d at 367. See also McNeil v. Cox, 997 So.2d 343, 348 (Fla.2008) (defining collateral criminal proceedings as “all claims that, if successful, will directly affect ‘the length of time the inmate'will actually spend in prison’”) (citing Schmidt, 878 So.2d at 366). Accordingly, Ruggirello is exempt from the lien requirement of section 57.085(5) only if his petition to compel DOC to make a recommendation for clemency pursuant to section 944.30 would, if successful, directly affect the length of time he will actually spend in prison.
At the time of Ruggirello’s offense, section 944.30, Florida Statutes (1983), read in pertinent part that “[a]ny prisoner who is sentenced to life imprisonment, who has actually served 10 years and has sustained no charge of misconduct and has a good institutional record, shall'be recommended by [DOC] for a reasonable commutation of his sentence ... to a term for years.”[1] Ruggirello sought to compel DOC, by mandamus petition, to make the recommendation required by this statute.
The Florida Constitution vests the power of clemency, including commutation of sentences, in the executive branch.[2] *938 “The clemency process in Florida derives solely from the Florida Constitution and we have recognized that the people of the State of Florida have vested ‘sole, unrestricted, unlimited discretion exclusively in the executive in exercising this act of grace.’ ” Carroll v. State, 114 So.3d 883, 888 (Fla.2013) (quoting Sullivan v. Askew, 348 So.2d 312, 315 (Fla.1977)). The Governor’s clemency powers are “independent of both the Legislature and the judiciary.” Parole Comm’n v. Lockett, 620 So.2d 153, 157 (Fla.1993). Clemency is wholly separate from the legal requirements for sentencing and for release from imprisonment applied by the courts, the DOC, or the Commission on Offender Review (which oversees parole, conditional release, and other forms of discretionary release). For these reasons, any action related to executive clemency cannot be considered a “collateral criminal proceeding” as that term is used in section 57.085(10).
III.
Ruggirello argues that Florida Parole Commission v. Spaziano, 48 So.3d 714 (Fla.2010), supports his position. The Court there held that “an action challenging the Florida Parole Commission’s determination of an inmate’s presumptive parole release date is a collateral criminal proceeding for the purposes of section 57.085(10), Florida Statutes (2009).” Spaziano, 48 So.3d at 715-16. Parole, like clemency, is an executive function that can result in the early release of an inmate from the judicially-imposed sentence. For this reason, Spaziano arguably supports the contention that an action regarding clemency is a “collateral criminal proceeding” under section 57.085(10). However, we find Spaziano distinguishable for two reasons.
First, parole and clemency are constitutionally distinct. This Court discussed this distinction at length in Turner v. Wainwright, 379 So.2d 148 (Fla. 1st DCA), aff'd, 389 So.2d 1181 (Fla.1980). While noting that clemency rests upon “self-executing constitutional provisions,” which grant unrestricted authority to the executive, this court observed that “[t]he parole power, on the other hand, is reposed only in ‘a parole or probation commission’ which ‘may be created by law,’ ... and which is subject to all laws, substantive or procedural, addressed to it by the legislature.” Id. at 154. In other words, parole is part of the legislative scheme for determining the length of an inmate’s sentence, and is subject to detailed legislative guidance. See Ch. 947, Fla. Stat. As such, it is reasonable to classify an action regarding the determination of an inmate’s presumptive parole release date (“PPRD”) as a collateral criminal proceeding. Because clemency exists outside of the legislatively-and judicially-controlled legal requirements related to sentencing and release from imprisonment, it is not a “collateral criminal proceeding” under section 57.085(10).
Second, even if an action related to executive clemency could be a “collateral criminal proceeding” under section 57.085(10), the specific relief sought by Ruggirello cannot. Ruggirello sought only a DOC recommendation for clemency. Even when DOC makes the recommendation, clemency remains at the “sole, unrestricted, unlimited discretion” of the *939 executive. Sullivan, 348 So.2d at 315. Ruggirello cannot show that a DOC recommendation will directly affect the length of time he will actually spend in prison in this circumstance.
Spaziano reasoned that the setting of a PPRD, although not directly affecting an inmate’s sentence, was a necessary first step in an inmate potentially gaining parole, without which an inmate would have no opportunity whatsoever to be released on parole:
While it can be seen that the PPRD is not the final determination of the inmate’s parole release date, we cannot ignore the fact that without this first critical step, none of the other statutory steps may be taken on the path to reaching an effective parole release date for the inmate. Unless corrected, errors in determination of the PPRD, such as consideration of improper aggravating circumstances, will necessarily cause the effective parole release date and, if parole is ultimately granted, the actual release date to be delayed.
Spaziano, 48 So.3d at 723. In the context of a recommendation of commutation of a life sentence to a term of years, we find no similar necessary, causal link between such action and the potential for an inmate’s release. The Clemency Board’s ability to grant commutation of a sentence is not dependent in any way on a recommendation from DOC. Thus, unlike in Spaziano, the recommendation for commutation of Ruggirello’s sentence to a term of years is not a necessary first step to commutation, without which commutation could not possibly occur. Accordingly, Ruggirello has failed to show that, as a result of the action, his “time in prison is directly affected.” Schmidt, 878 So.2d at 367.
IV.
In reaching this conclusion, we recognize that Ruggirello was placed in this position by DOC’s unjustifiable refusal to meet its statutory obligation to recommend him for clemency. DOC must comply with the law. But we cannot rewrite section 57.085 in an attempt to alleviate the harm caused by DOC’s disregard of the law, as DOC’s concession would have us do. For the foregoing reasons, we reject DOC’s concession of error, and we affirm the orders of the circuit court.
AFFIRMED.
WOLF and OSTERHAUS, JJ., concur.

. This statute was amended in 1986 to make DOC’s recommendation discretionary rather than mandatory, and to exclude capital felons (like Ruggirello). Ch. 86-183, § 23, at 1319, Laws of Fla. In. 1988, the statute was repealed altogether. Ch. 88-122, § 11, at 539, Laws of Fla, The pre-1986 version of section 944.30 applies to Ruggirello. See Dugger v. Williams, 593 So.2d 180 (Fla.1991) (holding that retrospective application of 1986 amendments to section 944.30 to prisoners convicted of capital felonies prior to the effective date of those amendments violated prohibition against ex post facto laws).

. “Except in cases of treason and in cases where impeachment results in conviction, the governor may, by executive order filed with *938 the custodian of state records, suspend collection of fines and forfeitures, grant reprieves not exceeding sixty days and, with the approval of two members of the cabinet, grant full or conditional pardons, restore civil rights, commute punishment, and remit fines and forfeitures for offenses.” Art. IV, § 8(a), Fla. Const. "The Governor and members of the Cabinet collectively are the Clemency Board.” Rule 1, Florida Rules of Executive Clemency.