426 So.2d 1015 (1983)
Edward J. RUFF and Blanche Ruff, His Wife, and Barbara O'Connell, Appellants,
v.
The SCHOOL BOARD OF COLLIER COUNTY, Florida, Thomas Richey, and Bill Barnett, Individually and As Class Representative of the Collier County School Board Sex Education Policy Task Force, Appellees.
No. 82-1453.
District Court of Appeal of Florida, Second District.
January 14, 1983.
Rehearing Denied February 16, 1983.
*1016 Robert M. Brake, Coral Gables, for appellants.
James H. Siesky, Naples, for appellees.
CAMPBELL, Judge.
Appellants seek review of a summary judgment entered by the trial court for appellees. We affirm.
Appellants filed suit against appellees, alleging a violation of chapter 286, Florida Statutes (1981), commonly known as the "Florida Sunshine Law" and seeking to void certain actions of the appellee "Task Force." The trial judge found that the organizational meeting of the task force was not subject to chapter 286 and that section 286.012, Florida Statutes (1981), did not apply to the task force. That conclusion of the trial court was in error. Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974); Hough v. Stembridge, 278 So.2d 288 (Fla. 1973); Krause v. Reno, 366 So.2d 1244 (Fla. 3d DCA 1979). Even so, the summary judgment for appellees can be sustained based on the trial judge's finding that notice was adequate even if chapter 286 did apply to the task force and based on the following discussion of the requirements of section 286.012, Florida Statutes.
The issue raised by appellants that most concerns us is whether section 286.012, Florida Statutes, requires a so-called roll call vote of the members of a public agency who are present and voting so that each member's specific vote on every subject is recorded. We hold that it does not. The title to chapter 72-311, Laws of Florida (1972), which became section 286.012, reads:
AN ACT relating to governmental boards and agencies of state, county and municipal governments; prohibiting abstention from voting by members of such boards and agencies in matters requiring votes; providing an exception; providing an effective date.
The title makes no reference to the recording of votes. It was obviously directed at, as it states, "prohibiting abstention from voting." In City of Hallandale v. Rayel Corp., 313 So.2d 113 (Fla. 4th DCA 1975), the court held that though section 286.012 requires every member of a governmental board who is present at any meeting to vote in the proceedings, the failure of a member to vote and thereby have no vote for that member recorded does not invalidate the proceeding. The wording of section 286.012 supports our conclusion that a roll call vote so as to record the individual vote of each member is not necessary. The pertinent language of the statute is that "a vote shall be recorded or counted for each such member present." (Emphasis added.) That wording, interpreted in light of the language of the title of chapter 72-311, emphasizes that the intent of the statute is to *1017 impose a requirement that all members present cast a vote and that the minutes so reflect by either recording a vote or counting a vote for each member.
AFFIRMED.
BOARDMAN, A.C.J., and GRIMES, J., concur.