Mr. Michael H. Olenick County Attorney Martin County 50 Kindred Street Stuart, Florida 33497
Dear Mr. Olenick:
This is in response to your request for an opinion on the following question:
 DOES THE FLORIDA GOVERNMENT IN THE SUNSHINE LAW, s 286.011, F.S., APPLY TO MEETINGS OF A STAFF COMMITTEE WHICH MAKES NONBINDING RECOMMENDATIONS TO THE COUNTY ADMINISTRATOR REGARDING THE DISPOSITION OF EMPLOYEE GRIEVANCES?
You state that Martin County is in the process of revising its personnel manual which will include a procedure for the review of employees' grievances. Under the proposed manual, preliminary steps consist of "informal" measures taken to resolve such grievances. If the matter is not disposed of informally to the employee's satisfaction, the manual provides that the employee's grievance will be heard by a grievance committee composed of the county personnel assistant, the county administrator and three employees, one from each of the three pay categories, selected by the personnel assistant and approved by the county administrator. The committee which is charged with the investigation of the complaint and the determination of "all facts and circumstances" will "then endeavor to bring about a fair and equitable settlement of the complaint in a manner satisfactory to both the employee and the Department Head." See, Step 4 of the proposed Grievance Procedure, a copy of which was attached to your letter of inquiry. The committee makes a nonbinding recommendation, together with documentation of the facts relied on in making such a recommendation, to the county administrator for his review and approval. The county administrator who may sustain, modify or reject the findings of the grievance committee, makes the final decision which is appealable only to the courts. Based upon the foregoing, you inquire as to whether the Government in the Sunshine Law is applicable to meetings of the grievance committee.
Section 286.011, F.S., provides in pertinent part:
 (1) All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting.
In adopting the Government in the Sunshine Law, s 286.011, F.S., "The Legislature intended to extend application of the `open meeting' concept so as to bind every `board or commission' of the state, or of any county or political subdivision over which it has dominion or control." City of Miami Beach v. Berns, 245 So.2d 38,40 (Fla. 1971). It is the entire decision-making process which the Legislature intended to affect by the enactment of s 286.011, See, Times Publishing Company v. Williams, 222 So.2d 470 (2 D.C.A. Fla., 1969); Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla. 1969). Thus the courts have held that an ad hoc advisory board, whose powers are limited to making recommendations to a public agency and which possesses no authority to bind said agency in any way whatsoever, is subject to the terms of s 286.011. See, Town of Palm Beach v. Gradison,296 So.2d 473 (Fla. 1974), wherein the Court concluded that an advisory board or committee appointed by a governmental body to make recommendations to the appointing authority and deliberating on matters upon which foreseeable action will be taken is subject to the sunshine law; in so doing the Court construed the scope of s286.011 to include the "inquiry and discussion stages" of meetings of public bodies. See also, Ruff v. School Board of Collier County, 426 So.2d 1015 (2 D.C.A. Fla., 1983); and Krause v. Reno,366 So.2d 1244 (3 D.C.A. Fla., 1979), wherein the court held that once a city manager utilized an advisory group to assist him in screening applications and making recommendations for the position of chief of police, he created a "board" to which the sunshine law was applicable.
While staff is not normally included within the ambit of the Government in the Sunshine Law, see, e.g., Occidential Chemical Co. v. Mayo, 351 So.2d 336 (Fla. 1977), when "a member of the staff ceases to function in his capacity as a member of the staff and is appointed to a committee which is delegated authority normally within the governing body, he loses his identity as staff while operating on that committee and is accordingly included within the Sunshine Law." News-Press Publishing Co., Inc. v. Carlson,410 So.2d 546, 548 (2 D.C.A. Fla., 1982), holding that a committee composed of staff responsible for preparing a budget for a hospital district was a "board or commission" within the meaning of the sunshine law since the staff's actions as a board in discussing, deliberating, deciding and taking action to formulate a budget constituted official acts which were an indispensible requisite to formal action which was ultimately taken by the governing board of the hospital district in approving the budget. Compare, Bennett v. Warden, 333 So.2d 97 (2 D.C.A. Fla., 1976), in which the district court found a group of employees of a junior college selected by the college president to serve as a fact-finding committee to advise him on employee working conditions not subject to s 286.011.
Recently, the Florida Supreme Court considered the issue of whether committees composed of staff were subject to s 286.011. In Wood v. Marston, 442 So.2d 934 (Fla. 1983), the Court held that a search committee composed primarily of staff which made recommendations to the university president was subject to the sunshine law, stating that it is the nature of the acts performed by the committee, not the make-up of the committee or the proximity of the act to the final decision, which determines whether a committee is subject to the requirements of s 286.011. The Court approved the holding of Bennett v. Warden to the effect that fact-finding staff consultations are not subject to the sunshine law; however, when staff has been delegated certain decision-making authority, such activities are not similarly shielded. "Clearly, the privileged function of staff is to inform and advise the decision-maker; the Court does not hold that a delegation to staff members of decision-making authority would be similarly privileged." 442 So.2d at 940. The Court went on to state:
 No official act which is in and of itself decision-making can be "remote" from the decision-making process, regardless of how many decision-making steps go into the ultimate decision. Neither can the fact that members of the committee were staff shelter its official acts from public scrutiny. 442 So.2d at 941.
The Court in Wood approved the News-Press Publishing Co. and Krause decisions of the second and third district courts respectively. 442 So.2d at 941.
This office in AGO 74-290 previously concluded that employee grievance committee hearings at a state university were subject to s 286.011 since such committees, acting as the arm of the division of personnel even though in an advisory capacity, made recommendations and findings upon which "foreseeable action" was to be taken in the form of a final decision by the agency head. Since the grievance committee was performing what was essentially a governmental function in hearing employee grievances and meeting on matters on which foreseeable action would be taken by the agency head, the meetings and deliberations of such committee were considered to be subject to the requirements of s 286.011. "When any committee, board, authority, commission, or the like is established pursuant to law and is delegated the power to perform governmental functions and the members of such body exercise such powers by making findings of fact and recommendations to an agency of the state, such committee must comply with s. 286.011, F.S."
Based upon the foregoing and in light of the information provided to this office concerning the function of the grievance committees in the instant inquiry, I cannot say that the activities of such staff committees are limited to fact-finding; rather the committees are charged with the responsibility of "determin(ing) all the facts and circumstances" and endeavoring "to bring about a fair and equitable settlement of the complaint in a manner satisfactory to both the employee and the Department Head." Accordingly, until and unless legislatively or judicially determined otherwise, it is my opinion that such staff grievance committees are subject to and should comply with the requirements of the Government in the Sunshine Law, s 286.011, F.S.
Sincerely,
Jim Smith Attorney General
Prepared by:
Joslyn Wilson Assistant Attorney General