535 So.2d 694 (1988)
SPILLIS CANDELA & PARTNERS, INC., Appellant,
v.
CENTRUST SAVINGS BANK, F/K/a Dade Savings & Loan Association, Dade County and City of Miami, and Miami Center Associates, Inc., a Florida Corporation, Appellees.
No. 88-415.
District Court of Appeal of Florida, Third District.
December 28, 1988.
Stanley V. Bukey and Esther E. Galicia of George, Hartz & Lundeen, Miami, for appellant.
John G. Fletcher, South Miami, for appellee-Centrust.
PER CURIAM.
The appellant challenges the trial court's determination that the Dade County Board of Rules and Appeals violated section 286.011, *695 Florida Statutes (1987), commonly known as the Sunshine Law. We affirm.
The Board appointed a committee which, with one exception, was comprised of Board members. The committee's purpose was to report on the correctness of plans relating to fire resistivity provisions of the South Florida Building Code for the Centrust Tower parking garage. After a public committee hearing on the matter, the committee recessed and deliberated on the matter for several minutes. These deliberations and the resulting vote were conducted in private without the inclusion of the public. Thus, the public was not given the opportunity to express views or to participate in the decision-making process.
Thereafter, the Board was presented with the committee's report. Contrary to the recommendation of its own attorney, the Board ratified the committee's report without a full and open public hearing on the matter.
The appellant asserts that the trial court erred in holding that the committee was an advisory board subject to the Sunshine Law. The law is quite clear. An ad hoc advisory board, even if its power is limited to making recommendations to a public agency and even if it possesses no authority to bind the agency in any way, is subject to the Sunshine Law. Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974); IDS Properties, Inc. v. Town of Palm Beach, 279 So.2d 353 (Fla. 4th DCA 1973). The committee here, made a ruling affecting the decision-making process and it was of significance. As a result, it was improper for the committee to reach its recommendation in private since that constituted a violation of the Sunshine Law. Similarly, the committee's violation of the Sunshine Law was not cured by the Board's perfunctory ratification of the committee's report. Only a full, open public hearing by the Board could have cured any problem. Tolar v. School Board of Liberty County, 398 So.2d 427 (Fla. 1981).
Accordingly, the trial court properly held that there was a violation of the Sunshine Law.
AFFIRMED.
HERSEY, GEORGE W., LETTS, GAVIN K., and WALDEN, JAMES H., Associate Judges, concur.