Mr. Stephen Dye City Attorney for Holmes Beach 1111 Third Avenue West Suite 300 Bradenton, Florida 34205
Dear Mr. Dye:
You ask substantially the following question:
When two members of a three-member complaint review board are required to select the third member, are the discussions between the two members regarding the selection subject to the Government in the Sunshine Law?
In sum, I am of the opinion that:
Discussions between the two members of a threemember complaint review board regarding their selection of the third member of the board must be conducted in accordance with the Government in the Sunshine Law.
You state that the city's personnel policy provides for the formation of a three-person complaint review board to review decisions regarding termination of employment. If an employee requests such a review, a three-person board is created. The board is composed of a city council member selected by the mayor, a person other than an elected official selected by the employee, and a third person to be selected by the other two members; this member serves as chairman of the board. After such a board is formed, it reviews the termination decision and makes a recommendation to the mayor.
You state that while you are of the opinion that meetings of the fully composed board to review termination decisions are subject to the Sunshine Law,[1] you are unsure whether s. 286.011, F.S., applies to meetings of the two members selected by the mayor and the employee respectively, when they discuss the selection of the third member. You state, however, that in light of the liberal application given to the Sunshine Law, you are of the opinion that such meetings are subject to the Sunshine Law. I concur in such a conclusion.
Section 286.011(1), F.S., the Government in the Sunshine Law, provides in pertinent part:
All meetings of any board or commission . . . of any agency or authority of any . . . municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting.
As a statute enacted for the public benefit, the Sunshine Law is to be liberally construed to give effect to its public purpose.[2]
Thus, the courts have held that s. 286.011, F.S., is not limited to meetings at which final, formal actions are to be taken, but rather applies to "any gathering of the members where the members deal with some matter on which foreseeable action will be taken by the board."[3]
While the complaint review board is not yet fully composed and exercising its duties to review termination decisions, the two members have been charged with the responsibility of making a collective decision, i.e., the selection of a third member. They are, in effect, operating as a small collegial body in making such a decision. Accordingly, inasmuch as the courts have stated that the Sunshine Law should be liberally construed, I am of the opinion that the discussion of the two members regarding their selection of a third member should be conducted in accordance with the requirements of the Government in the Sunshine Law.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974), stating that advisory boards whose powers are limited to making recommendations to a public agency and which possess no authority to bind that agency in any way are subject to the Sunshine Law. Accord, Spillis Candela Partners, Inc. v. Centrust Savings Bank, 535 So.2d 694 (3 D.C.A. Fla., 1988).
[2] Board of Public Instruction of Broward County v. Doran,224 So.2d 693 (Fla. 1969).
[3] See, Board of Public Instruction of Broward County v. Doran, supra; Canney v. Board of Public Instruction of Alachua County,278 So.2d 260 (Fla. 1973).