FLETCHER, Judge.
Silver Express Company, plaintiff below, appeals the denial of its motion for tempo *1100 rary injunction seeking to prohibit the District Board of Trustees of Miami-Dade Community College [College] from awarding a two-year contract to Husta International Aviation, Inc. [Husta] and barring the College and Husta from further performance under a temporary contract. Finding that the College violated section 286.011, Florida Statutes (1995), popularly known as the “Government in the Sunshine Law” [Sunshine Law], we reverse the denial of the temporary injunction as it pertains to the two-year contract and affirm the denial as to the temporary contract.
Silver Express Company’s action arises out of the College’s request for proposals for flight training services at Kendall-Tamiami Airport. Silver Express, the then-incumbent flight training provider, submitted a proposal in response to the College’s advertised request, as did others including Husta. The College’s purchasing director appointed a committee composed of College staff, as well as one outside individual, to advise and assist her in evaluating the various proposals. The committee met to conduct its evaluation of the responses, doing so without notice to the public, and voted to recommend to the purchasing director that a two-year contract commencing January 1, 1996, be awarded to Husta.
Silver Express, as an unsuccessful proponent, initiated an administrative protest challenging the proposal that had been ranked number one. The College referred the challenge to an administrative hearing officer who ultimately issued a recommended order containing extensive findings of fact and conclusions of law. The College adopted the administrative hearing officer’s recommended order, concluding that Silver Express, as third-ranked proponent, did not have standing to challenge the first-ranked proposal in the absence of a challenge to the second-ranked proposal.[1]
During the pendency of the administrative hearing, the College awarded a temporary flight-training service contract to Husta. Silver Express began this circuit court action, alleging that the committee’s closed meeting to consider the proposals violated the Sunshine Law and seeking (1) to enjoin the College from awarding the two-year contract to Husta and (2) to enjoin further performance by the College and Husta of the temporary contract. The trial court denied Silver Express’ motion for a temporary injunction, and it is that order which we are reviewing.
1.
First, we must determine if the purchasing director’s committee is subject to the Sunshine Law,[2] for if it is, its failure to give notice of its selection meeting and to open it to the public renders the actions taken at the meeting (ranking the proposals) void ab ini-tio. Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla.1974).
The answer lies in what effect the committee’s actions had on the College’s selection process. The record reflects that the committee’s function was to weed through the various proposals, to determine which were acceptable and to rank them accordingly. In other words, the committee’s action helped to erystalize the decision to be made by the College. This crystallization precluded Silver Express (because of its third-place ranking) from its administrative challenge to Hus-ta’s first-ranked proposal, and resulted in the *1101 College’s selection of Husta’s proposal on a “temporary” basis. It appears plainly from the record that Husta would not have received the temporary contract in the absence of the evaluation committee’s high ranking of Husta’s two-year proposal. Governmental advisory committees which have offered up structured recommendations such as here involved — at least those recommendations which eliminate opportunities for alternative choices by the final authority, or which rank applications for the final authority — have been determined to be agencies governed by the Sunshine Law. Town of Palm Beach v. Gradison; Krause v. Reno, 366 So.2d 1244 (Fla. 8d DCA 1979). In Spillis Candela & Partners, Inc. v. Centrust Savings Bank, 535 So.2d 694 (Fla. 3d DCA 1988), we stated:
“The law is quite clear. An ad hoc advisory board, even if its power is limited to making recommendations to a public agency and even if it possesses no authority to bind the agency in any way, is subject to the Sunshine Law. The committee here, made a ruling affecting the decision-making process and it was of significance. As a result, it was improper for the committee to reach its recommendation in private since that constituted a violation of the Sunshine Law.”
Id. 695 (citations omitted).
[2] The purchasing director’s committee is governed by the Sunshine Law. Its closed selection meeting violated that law, thus its actions taken at the meeting are ab initio.
2.
[3] We are next called upon to decide whether Silver Express is precluded from bringing its Sunshine ciraction in the circuit court because adminispossibly had an administrative remedy available to it which it did not take; i.e., it could have challenged the bid process (as violative of the Sunshine Law) in the administrative hearing that was held to hear Silver Express’ other objections to the committee’s ranking of the proposals. We conclude that whether Silver Express had an administrative remedy as to the Sunshine Law or not, such would have been personal to it as a bidder on the College’s request for proposals. This remedy would be unavailable to non-bidders, thus unavailable to the public generally. The Sunshine Law, on the other hand, was enacted so as to permit any citizen to vindicate the public’s interest in open government. It specifically includes the authorization that:
“The circuit courts of this state shall have jurisdiction to issue injunctions to enforce the purposes of this section upon application by any citizen of this state.”
286.011(2), Fla.Stat. (1995).
[4]That a citizen may have an available administrative remedy, does not preclude him from pursuing the public’s statutory remedy on behalf of the public’s interest in open government. The two are unrelated remedies, one for the individual’s own private interests, the other for the goal of public vindication. The legislative intent behind section 286.011 would be frustrated if the public’s champions are to be relegated to administrative na(of whatever nature) where the legislature has specifically provided in the jurisstatute for jurisdiction in the courts.
3.
[5]The College committee’s violation of the Sunshine Law constitutes an irreparable public injury, Town of Palm Gradiv. Gradi-son, the only remedy for which is to enjoin the violator from acting on the decisions made out of the sunshine. As the advocate for the public’s interest in securing open government, Silver Express was thus entitled to obtain injunctive relief pending the trial court’s final determination of the case so as to maintain the status quo. consea consequence, the trial court erred temponot temporarily enjoining the College and Husta from entering into the two-year contract based on the ranking established by the committee out of the sunshine.
We do find, however, that the College’s temporary contract with Husta for flight training services should not be enjoined at this time. Numerous students are presently in the training process and their interests should be weighed in the balance. Upsetting *1102 their educational schedules would not be in the public interest and we decline to do so.
4.
For the foregoing reasons, we reverse in part the order denying Silver Express’s motion for temporary injunction and remand for the entry of an order enjoining the College from entering into a two-year contract based on the ranking established at the meeting held in violation of the Sunshine Law. As the purpose of actions pursuant to section 286.011(1),(2), Florida Statutes (1995) is not to secure private rights, but to vindicate the public’s right to open meetings, the College is not precluded from, in the future, ranking the various proposals submitted in response to its request at a meeting or meetings held in compliance with the Sunshine Law and acting thereon.
Reversed and remanded.
SHEVIN, J., concurs.

. That decision was the subject of an appeal to this Court which we have affirmed by separate order. Silver Express Co. v. Miami Dade Community College, 691 So.2d 14 (Fla. 3d DCA 1997).

. Section 286.011(1),(2), Florida Statutes (1995):
"(1) All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting. The board or commission must provide reasonable notice of all such meetings.
(2) The minutes of a meeting of any such board or commission of any such state agency or authority shall be promptly recorded, and such records shall be open to public inspection. The circuit courts of this state shall have jurisdiction to issue injunctions to enforce the purposes of this section upon application by any citizen of this state.”