Mr. Dwight W. Severs Titusville City Attorney Post Office Box 2806 Titusville, Florida 32796-3584
Dear Mr. Severs:
On behalf of the City Council of the City of Titusville, you have asked for my opinion on substantially the following question:
Is a community advisory committee that is made up of citizens and established to provide a vehicle for citizen involvement in city government subject to the Government in the Sunshine Law?
In sum:
A community advisory committee that is responsible for making recommendations to the city commission on matters of concern to the residents of the city and upon which the city commission may foreseeably act must comply with the requirements of the Government in the Sunshine Law. However, citizens meeting with a street or block representative to express common concerns and develop issues to be presented for consideration to the community advisory committee are not subject to the Sunshine Law.
The City of Titusville is considering establishing a community advisory committee. The committee would consist of fifteen zone captains who would be appointed by the city council to represent various zones throughout the city. The Community Advisory Committee would meet at least quarterly and make recommendations to the city council based on input from city residents. Street and block representatives as well as representatives of other community areas would provide input from residents of their jurisdictions to the zone captains. The primary function and purpose of this structure would be to divide the community into various areas for greater community involvement and citizen participation in local government. You have asked for direction in determining the applicability of the Sunshine Law to meetings at the various levels of this proposed structure.
Section 286.011, Florida Statutes, Florida's Government in the Sunshine Law, provides in pertinent part that "[a]ll meetings of any board or commission . . . of any agency or authority of any . . . municipal corporation . . . at which official acts are to be taken are declared to be public meetings open to the public at all times. . . ." In considering the application of section 286.011, Florida Statutes, the courts have stated that it is the entire decision-making process which is covered, not merely those meetings where the final vote is taken.[1] As stated by the court in Times Publishing Company v. Williams[2]:
"Every step in the decision-making process, including the decision itself, is a necessary preliminary to formal action. It follows that each such step constitutes an `official act,' an indispensable requisite to `formal action,' within the meaning of the act."
Moreover, there is no "government by delegation" exception to the Sunshine Law and a public board or commission may not avoid compliance with the law by delegating its responsibilities to another group.[3] As recognized in Spillis Candela Partners,Inc. v. Centrust Savings Bank,[4]
"The law is quite clear. An ad hoc advisory board, even if its power is limited to making recommendations to a public agency and even if it possesses no authority to bind the agency in any way, is subject to the Sunshine Law."
In reaching this conclusion, the court relied on the decision of the Florida Supreme Court in Town of Palm Beach v. Gradison,[5] in which the Court held that a citizens' planning commission established by the town council to act as an advisory group to the council regarding the formulation of the zoning plan was subject to the Sunshine Law.
Florida courts have determined that advisory boards whose powers are limited to making recommendations to a public agency and that possess no authority to bind that agency in any way are subject to the Sunshine Law.[6] As noted above, in the case of Town of PalmBeach v. Gradison, such a board may be made up entirely of private citizens.[7] It is the nature of the act performed by the board or committee, rather than its makeup or proximity to the final decision, that determines whether an advisory committee is subject to the Sunshine Law.[8]
In Wood v. Marston,[9] the Florida Supreme Court concluded that anad hoc advisory committee appointed to screen applications and make recommendations for the position of dean of the law school at a state university played an integral part in the decision-making process and thus was subject to the Sunshine Law. A similar result was reached in Krause v. Reno.[10] In that case, the district court held that an advisory board made up of private citizens and appointed and used by a city manager to screen applications and make recommendations for the position of chief of police was subject to section 286.011, Florida Statutes.[11]
The community advisory committee which the City of Titusville proposes to create is a board or commission that is subject to the Government in the Sunshine Law.[12] The committee would be appointed by the city council to act on its behalf in soliciting and receiving citizen input and in developing recommendations on city government and city operations. As a board or commission subject to the Sunshine Law, the committee would have to comply with the three basic requirements of section 286.011, Florida Statutes:
(1) meetings of the committee must be open to the public;
(2) reasonable notice of such meetings must be given; and
(3) minutes of the meetings must be taken.
Your letter also expresses concern that the provisions of the Government in the Sunshine Law would apply to "block captains or street captains and the . . . meeting[s] of the citizens on a street[.]" The information you have provided to this office does not indicate that the block or street representatives have been designated by the committee to act on their behalf; rather, an informal structure is contemplated to facilitate citizen involvement and input. Such gatherings are not meetings of a governmental board or commission within the contemplation of the statute nor do these meetings themselves result in recommendations to be made to the city council. Based on your description, these meetings are in the nature of neighborhood gatherings where groups of citizens come together to discuss common concerns. The outcome of such meetings may be formalized and passed along to the members of the citizens advisory committee for consideration and discussion, at which time they would be aired at a public meeting. However, the organizers of these subdivision or block or street meetings would not be required to follow the requirements of the Government in the Sunshine Law.
Therefore, it is my opinion that a community advisory committee made up of citizens appointed by the city council to make recommendations to the council regarding city government and city services is subject to the Government in the Sunshine Law, section286.011, Florida Statutes. However, citizen groups that meet to express common concerns and develop issues to be presented for consideration to the community advisory committee are not subject to the Sunshine Law as they are not governmental boards or commissions within the scope of the statute.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, e.g., City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971); Board of Public Instruction of Broward County v. Doran,224 So.2d 693 (Fla. 1969); Hough v. Stembridge, 278 So.2d 288 (Fla. 3d DCA 1973).
[2] 222 So.2d 470, 473 (Fla. 2d DCA 1969).
[3] See, Town of Palm Beach v. Gradison, 296 So.2d 473, 477
(Fla. 1974), stating that s. 286.011, Fla. Stat., should be construed so as to avoid all evasive devices and that this can only be accomplished by embracing within the terms of the statute the inquiry and discussion stages conducted by a committee or other authority appointed and established by a governmental agency which relates to a matter on which foreseeable action will be taken.
[4] 535 So.2d 694, 695 (Fla. 3d DCA 1988).
[5] 296 So.2d 473 (Fla. 1974).
[6] See, Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974). Accord, Spillis Candela Partners, Inc. v. CentrustSavings Bank, 535 So.2d 694 (Fla. 3d DCA 1988).
[7] Ibid.
[8] Wood v. Marston, 442 So.2d 934 (Fla. 1983).
[9] Ibid.
[10] 366 So.2d 1244 (Fla. 3d DCA 1979).
[11] And see, Op. Att'y Gen. Fla. 90-76 (1990) (legislatively created statewide nominating commission for workers' compensation judges subject to s. 286.011); Inf. Op. to Lawson Lamar, dated August 2, 1993, concluding that governmental transition teams made up of citizens appointed by the mayor to review city operations and the organizational structure of city government and to make recommendations regarding city government were subject to the Sunshine Law.
[12] See, e.g., the following opinions in which this office has concluded that advisory bodies are subject to the Sunshine Law: a committee responsible for making recommendations to the city council on personnel matters, Op. Att'y Gen. Fla. 92-26 (1992); anad hoc committee appointed to meet with the Chamber of Commerce to discuss a proposed transfer of city property, Op. Att'y Gen. Fla. 87-42 (1987); an ad hoc committee appointed by the mayor for purposes of making recommendations concerning legislation, Op. Att'y Gen. Fla. 85-76 (1985); a citizens' advisory committee appointed by a metropolitan planning organization, Op. Att'y Gen. Fla. 82-35 (1982); an advisory committee studying the municipality's provision of services, Inf. Op. to Fred S. Disselkoen, Jr., dated July 14, 1992; a finance advisory committee and utility advisory committee, Inf. Op. to Gary L. Stinson and Larry Hopper, dated December 31, 1990.