Mr. Alan C. Jensen Atlantic Beach City Attorney Post Office Box 50457 Jacksonville Beach, Florida 32240-0457
Dear Mr. Jensen:
On behalf of the Atlantic Beach City Commission, you ask substantially the following question:
If a proposed ordinance is referred by the city commission to the city community development board for a recommendation, may city commissioners attend the community board meeting when the board's recommendation is considered and speak to the board regarding the proposed ordinance?
In sum:
A city commissioner may attend the community development board meeting and express his or her views on a proposed ordinance even though other city commissioners may be in attendance. However, the city commissioners in attendance may not engage in a discussion or debate among themselves.
Section 286.011(1), Florida Statutes, the Government in the Sunshine Law, requires:
"All meetings of any board or commission of . . . any agency or authority of any county . . . or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting. The board or commission must provide reasonable notice of all such meetings."
The statute's application is not limited to meetings at which final, formal actions are taken. It applies to "any gathering of members where members deal with some matter on which foreseeable action will be taken by the board."[1] Thus, the courts have recognized that it is the entire decision-making process that is covered, not merely meetings at which a final vote is taken.[2]
You state that the city commission appoints the members of the city community development board. The commission has referred a proposed ordinance to the board for review and recommendation. As a publicly created board assigned the responsibility of reviewing the proposed ordinance and making a recommendation to the city commission, the community development board clearly is subject to the requirements of section 286.011, Florida Statutes.[3]
According to your letter, city commissioners are interested in attending the meeting of the community development board at which it considers the ordinance in order to express their support or opposition to the ordinance.
This office has stated on several occasions that members of a public commission may attend private forums sponsored by private organizations and express their position about issues facing the commission without violating the Sunshine Law, so long as they do not discuss or debate the issues among themselves.[4] Such a conclusion was based on the reasoning in an earlier Attorney General Opinion holding that it was not a violation of the Sunshine Law for one commissioner to send a report to another commissioner for informational purposes, as long as there was no interaction between the commissioners.[5] Similarly, this office has concluded that the Sunshine Law is not violated by a board member expressing his or her views or voting intent on an upcoming matter to a news reporter who the member knows will publish the account in a local newspaper prior to the meeting, as long as the member is not using the reporter as an intermediary to communicate with other members to circumvent or evade the requirements of the Sunshine Law.[6]
In keeping with the rationale of the above opinions, it appears that a city commissioner may attend a community development board meeting and express his or her views on a proposed ordinance even though other city commissioners may be in attendance. However, the city commissioners attending such meeting should be cautioned not to engage in debate or discussion with each other. The adoption of the ordinance is a responsibility resting with city commission, and the city commission's discussions and deliberations on the proposed ordinance must occur at a duly noticed city commission meeting. Moreover, if the community development board has been advised of the city commission members' intention to speak on the proposed ordinance, it may be advisable for the board, in noticing its meeting, to include notice of the possible attendance and participation of city commission members.[7]
Accordingly, I am of the opinion that a city commissioner may attend a community development board meeting and express his or her views on a proposed ordinance even though other city commissioners may be in attendance. However, the city commissioners in attendance may not engage in a discussion or debate among themselves.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Board of Public Instruction of Broward County v. Doran,224 So.2d 693 (Fla. 1969); Canney v. Board of Public Instructionof Alachua County, 278 So.2d 260 (Fla. 1973).
[2] See, e.g., Times Publishing Company v. Williams,222 So.2d 470, 473 (Fla. 2d DCA 1969), disapproved in part on other grounds,Neu v. Miami Herald Publishing Company, 462 So.2d 821 (Fla. 1985), in which the district court stated:
"Every step in the decision-making process, including the decision itself, is a necessary preliminary to formal action. It follows that each such step constitutes an `official act,' an indispensable requisite to `formal action,' within the meaning of the act."
[3] See, Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974) (publicly created advisory boards whose powers are limited to making recommendations to a public agency and which possess no authority to bind that agency are subject to the Sunshine Law);Spillis Candela Partners, Inc. v. Centrust Savings Bank,535 So.2d 694 (Fla. 3d DCA 1988). And see, Ops. Att'y Gen. Fla. 91-90 (1991), 80-78 (1980), and 73-170 (1973), suggesting that what constitutes reasonable notice is variable, depending on the facts of the situation and the board involved; however, in each case, an agency must give notice at such time and in such manner as will enable interested members of the public to attend the meeting if they wish to do so.
[4] See, Ops. Att'y Gen. Fla. 94-62 (1994) and 92-05 (1992); Inf. Op. to John Randolf dated June 4, 1996).
[5] Attorney General Opinion 89-23 (1989).
[6] Attorney General Opinion 81-42 (1981). Cf., Op. Att'y Gen. Fla. 77-138 (1977), stating that the Sunshine Law does not prohibit members of city commission from attending public meetings of a board established by the commission and subsequently voting at a public meeting of the commission on recommendations submitted by the board.
[7] Cf., Op. Att'y Gen. Fla. 91-95 (1991) (while county commissioner may attend a meeting of a county board on which another county commissioner serves, it may be advisable to include mention in the published notice of the county board meeting of county commission members' possible attendance and participation).