Mr. Gordon B. Johnston Marion County Attorney 601 Southeast 25th Avenue Ocala, Florida 34471
Dear Mr. Johnston:
You ask substantially the following question:
Are advisory board members who are appointed by the Marion County Board of County Commissioners and who are responsible for making recommendations to the board of county commissioners on county issues subject to voting requirements for governmental bodies set forth in section 286.012, Florida Statutes?
In sum:
Advisory board members who are appointed by the Marion County Board of County Commissioners and who are responsible for making recommendations to the board of county commissioners on county issues are subject to voting requirements for state, county and municipal bodies set forth in by section 286.012, Florida Statutes, requiring a vote be recorded for each member present unless a conflict of interest exists under the Florida Code of Ethics for Public Officers and Employees.
Section 286.012, Florida Statutes, provides:
"No member of any state, county, or municipal governmental board, commission, or agency who is present at any meeting of any such body at which an official decision, ruling, or other official act is to be taken or adopted may abstain from voting in regard to any such decision, ruling, or act; and a vote shall be recorded or counted for each such member present, except when, with respect to any such member, there is, or appears to be, a possible conflict of interest under the provisions of s. 112.311, s. 112.313, or s. 112.3143. In such cases, said member shall comply with the disclosure requirements of s. 112.3143."
You recognize that the advisory board whose members are appointed by the board of county commissioners and are responsible for making recommendations to the county commission is subject to the Government in the Sunshine Law.[1] The question has been raised, however, whether such a board is subject to the voting requirements set forth in section286.012, Florida Statutes. Your office has indicated that it believes such boards are subject to section 286.012. I concur in that conclusion.
Section 286.012, Florida Statutes, refers to state, county, or municipal boards, while section 286.011, Florida Statutes, is applicable to the state and its political subdivisions. Thus, section 286.012 is narrower in scope in that it does not apply to all governmental boards, such as special district boards.[2] Both statutes, however, refer to meetings at which official acts are taken. In construing this language for section286.011, the courts have held that the requirements of the Sunshine Law apply during the entire decision-making process. For example, in TimesPublishing Company v. Williams,[3] the court stated:
"Every thought, as well as every affirmative act, of a public official as it relates to and is within the scope of his official duties, is a matter of public concern; and it is the entire decision-making process that the legislature intended to affect by the enactment of the statute before us."
In considering whether an advisory group appointed by a governmental body to make recommendations was subject to the requirements of the Sunshine Law, several courts of this state have also concluded that such groups were subject to the provisions of section 286.012, Florida Statutes. For example, in Ruff v. School Board of Collier County,[4] the court rejected the trial court's finding that the organizational meeting of a sex education policy task force was not subject to Chapter 286 and that section 286.012, Florida Statutes, did not apply to the task force, stating that the "conclusion of the trial court was in error."
In Krause v. Reno,[5] the state attorney had filed a complaint seeking to have the trial court declare that any meeting held by an advisory board appointed and used by the city manager to screen applications and make recommendations for the position of chief of police was subject to the provisions of sections 286.011 and 286.012, Florida Statutes. The Third District Court of Appeal affirmed the lower court's order, which provided among other things that "the defendants and any replacements or substitutions appointed in addition to or in substitution of any or either of them are subject to the government in the Sunshine Law and subject to Sections 286.011 and 286.012 of the Florida Statutes."
Moreover, as you note, section 286.012, Florida Statutes, refers to the official decisions or acts taken by a board. The term "official" is generally defined as "belonging or relating to an office, position or trust."[6] Since the duties of the advisory board are to make recommendations to the county commission, an official act of such an advisory board would appear to encompass the voting on such recommendations.
Accordingly, I am of the opinion that advisory board members who are appointed by the Marion County Board of County Commissioners and who are responsible for making recommendations to the board of county commissioners on county issues are subject to voting requirements for state, county and municipal bodies set forth in by section 286.012, Florida Statutes, requiring a vote be recorded for each member present unless a conflict of interest exists under the Florida Code of Ethics for Public Officers and Employees.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, e.g., Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974); accord, Spillis Candela Partners, Inc. v. Centrust SavingsBank, 535 So.2d 694 (Fla. 3d DCA 1988) (the Sunshine Law equally binds all members of governmental bodies, be they advisory committee members or elected officials). But see, Knox v. District School Board of BrevardCounty, Case No. 5D01-2384 (Fla. 5th DCA, May 3, 2002) in which the court held that a team of staff members who interviewed and evaluated candidates for principal resulting in recommendations to the county school superintendent, was not subject to the Sunshine Law since all the applications were forwarded to the superintendent, who then decided which applicants to interview and recommend to the School Board: "Although the team made recommendations, all the applications went to the superintendent and he decided which applicants to interview and nominate to the school board. Since the interview team simply had a fact-finding or advisory role, their meetings were not governed by the Sunshine Law."
[2] Cf., Art. II, s. 5(a), Fla. Const., the dual officeholding prohibition which applies to state, county and municipal offices and which the Supreme Court of Florida has stated is inapplicable to special district offices. See, In re Advisory Opinion to the Governor,630 So.2d 1055 (Fla. 1994), and In re Advisory Opinion to the Governor — School Board Member — Suspension Authority, 626 So.2d 684 (Fla. 1993).
[3] 222 So.2d 470, 473 (Fla. 2d DCA 1969).
[4] 426 So.2d 1015, 1016 (Fla. 2d DCA 1983).
[5] 366 So.2d 1244, 1249 (Fla. 3d DCA 1979).
[6] See, Webster's Third New International Dictionary, "Official," p. 1567 (unabridged ed. 1981). And see, Black's Law Dictionary "Official act" ("[o]ne done by an officer in his official capacity under color and by virtue of his office"), p. 1236 (unabridged ed. 1968).