Mr. Jimmy Crawford General Counsel, Lake-Sumter Community College Post Office Box 120848 Clermont, Florida 34712-0848
Dear Mr. Crawford:
On behalf of the Business Assistance Center and the Lake-Sumter Community College, you ask substantially the following question:
Is the Business Assistance Center Advisory Council, created by the Board of Trustees of the Lake-Sumter Community College and funded by the college and county funds, subject to the Government in the Sunshine Law, section 286.011, Florida Statutes?
From the information accompanying your request, it appears that you have advised the center and the college that the Business Assistance Center Advisory Council is subject to the Government in the Sunshine Law. I concur in that conclusion.
Section 286.011(1), Florida Statutes, Florida's Government in the Sunshine Law, provides in pertinent part that "[a]ll meetings of any board or commission . . . of any agency or authority of any . . . municipal corporation . . . at which official acts are to be taken are declared to be public meetings open to the public at all times . . . ." In considering the application of section 286.011, Florida Statutes, the courts have stated that it is the entire decision-making process that is covered, not merely those meetings where the final vote is taken.[1] As stated by the court in Times Publishing Company v. Williams,[2]
"Every step in the decision-making process, including the decision itself, is a necessary preliminary to formal action. It follows that each such step constitutes an `official act,' an indispensable requisite to `formal action,' within the meaning of the act."
There is no "government by delegation" exception to the Sunshine Law and a public board or commission may not avoid compliance with the law by delegating its responsibilities to another group.[3] As the Florida Supreme Court stated in City of Miami Beach v. Berns,[4] "[t]he Legislature intended to extend application of the open meeting' concept so as to bind every board or commission' of the state, or of any county or political subdivision over which it has dominion or control."
The fact that the board or commission is advisory, possessing only the authority to make recommendations to the public agency, does not remove it from the ambit of the Government in the Sunshine Law. As recognized inSpillis Candela Partners, Inc. v. Centrust Savings Bank,[5]
"The law is quite clear. An ad hoc advisory board, even if its power is limited to making recommendations to a public agency and even if it possesses no authority to bind the agency in any way, is subject to the Sunshine Law."
In reaching this conclusion, the court relied on the decision of the Florida Supreme Court in Town of Palm Beach v. Gradison,[6] in which the Court held that a citizens' planning commission established by the town council to act as an advisory group to the council regarding the formulation of the zoning plan was subject to the Sunshine Law. More recently, the Fifth District Court of Appeal in Lyon v. Lake County[7]
held that the Sunshine Law applies to a site plan review committee created by the county commission to serve in an advisory capacity to the county manager. As the Court stated in Monroe County v. Pigeon KeyHistorical Park, Inc.,[8] "the Sunshine Law equally binds all members of governmental bodies, be they advisory committee members or elected officials."
Thus, Florida courts have determined that advisory boards whose powers are limited to making recommendations to a public agency and that possess no authority to bind that agency in any way are subject to the Sunshine Law.[9]
In the instant inquiry, the Business Assistance Center Advisory Council is being established by the Lake-Sumter Community College in cooperation with, and with funding assistance from, Lake County. From information provided to this office, it appears that the Lake-Sumter Community College formed the Business Assistance Center in order to fulfill the college's mission and mandate to provide programs and services that support local and statewide economic development initiatives. The proposed procedures for the operation of the advisory council state that the council is "responsible for advising the [Business Assistance Center] regarding policies, programs, procedures and budgets, through which the Manager shall implement the [Business Assistance Center's] missions, goals and objectives."[10] The advisory council is further directed to "advise, suggest and recommend to the [Business Assistance Center] Manager and/or the President of the College."[11] The initial members of the council are appointed by the community college board of trustees; subsequent members are renominated by the advisory council subject to confirmation by majority vote of the board of trustees.
Based upon the above, I am therefore of the opinion that the Business Assistance Center Advisory Council, created by the Board of Trustees of the Lake-Sumter Community College to make recommendations to the manager of the college's Business Assistance Center and to the community college president, is subject to the Government in the Sunshine Law, section286.011, Florida Statutes.[12]
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] See, e.g., City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971);Board of Public Instruction of Broward County v. Doran, 224 So.2d 693
(Fla. 1969); Hough v. Stembridge, 278 So.2d 288 (Fla.3d DCA 1973).
[2] 222 So.2d 470, 473 (Fla.2d DCA 1969).
[3] See, Town of Palm Beach v. Gradison, 296 So.2d 473, 477 (Fla. 1974), stating that s. 286.011, Fla. Stat., should be construed so as to avoid all evasive devices and that this can only be accomplished by embracing within the terms of the statute the inquiry and discussion stages conducted by a committee or other authority appointed and established by a governmental agency which relates to a matter on which foreseeable action will be taken.
[4] 245 So.2d 38, 40 (Fla. 1971). And see, Town of Palm Beach v.Gradison, supra; cf., Ops. Att'y Gen. Fla. 97-17 (1997) (Sunshine Law applies to not-for-profit corporation created by city development agency to assist in the implementation of the agency's redevelopment plan); 97-32 (1997) (s. 286.011, Fla. Stat., applies to meeting of board of trustees of pension fund of not-for-profit corporation created by county to manage county's public transit system).
[5] 535 So.2d 694, 695 (Fla.3d DCA 1988).
[6] 296 So.2d 473 (Fla. 1974).
[7] 765 So.2d 785 (Fla. 5th DCA 2000)
[8] 647 So.2d 857, 869 (Fla.3d DCA 1994).
[9] And see, the following opinions in which this office has concluded that advisory bodies are subject to the Sunshine Law: a committee responsible for making recommendations to the city council on personnel matters, Op. Att'y Gen. Fla. 92-26 (1992); an ad hoc committee appointed to meet with the Chamber of Commerce to discuss a proposed transfer of city property, Op. Att'y Gen. Fla. 87-42 (1987); an ad hoc committee appointed by the mayor for purposes of making recommendations concerning legislation, Op. Att'y Gen. Fla. 85-76 (1985); a citizens' advisory committee appointed by a metropolitan planning organization, Op. Att'y Gen. Fla. 82-35 (1982).
[10] See, the proposed Procedures for Establishment and Operation of the Advisory Council to the Business Assistance Center Lake-Sumter Community College, s. 4. You have advised this office that the above procedures will be signed at the June 2003 meeting.
[11] Id. at s. 7.
[12] I note that the proposed procedures for the establishment and operation of the advisory council expressly recognize at s. 8 that "[t]he Advisory Council, while an advisory body only, is still subject to the Sunshine Law of the State of Florida (Chapter 286, Florida Statutes), and shall give reasonable notice of its meetings, publish an agenda, keep minutes of its meetings, and members shall not meet in private to discuss business likely to come before the Advisory Council.