Mr. Robert K. Robinson North Port City Attorney 2750 Ringling Boulevard, Suite 3 Sarasota, Florida 34237
Dear Mr. Robinson:
On behalf of the City of North Port and the Chief of Police, you ask substantially the following question:
Is an advisory group created by the chief of police to make recommendations to him regarding various issues affecting the police department subject to the Government in the Sunshine Law?
You state that the Chief of Police of the City of North Port has convened a group of city residents and staff to discuss and provide input on various issues affecting the police department. The group makes recommendations to the police chief. According to a memorandum from the Office of the Chief of Police, dated October 12, 2004, "[t]he purpose of the workgroup is to plan and implement the necessary steps to transition from traditional policing (answering calls for service) to police service districts and community policing focusing on solving community problems associated with crime and disorder."
Although it is possible that some of the group's recommendations could result in a recommendation by the police chief to the city commission, you state that the primary purpose of the group is to make recommendations to the police chief for use in his capacity as head of the police department. You therefore ask whether the fact that the group was created by the chief of police and not the city commission, and that its recommendations are made to the police chief and not the commission, would remove the group from the ambit of the Sunshine Law.
Section 286.011, Florida Statutes, Florida's Government in the Sunshine Law, in pertinent part, provides in subsection (1):
"All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting. The board or commission must provide reasonable notice of all such meetings."
The courts of this state and this office have stated that advisory boards established by public agencies are subject to the Sunshine Law even though their recommendations are not binding on the entities that created them. As the Third District Court of Appeal stated in Spillis Candela Partners, Inc. v. Centrust Savings Bank,[1] stated:
"The law is quite clear. An ad hoc advisory board, even if its power is limited to making recommendations to a public agency and even if it possesses no authority to bind the agency in any way, is subject to the Sunshine Law."
The fact that an advisory group is created by a single public official rather than by a collegial body such as the city commission does not alter the application of the Sunshine Law to such a group. For example, in Krause v. Reno,[2] the city manager appointed a citizens advisory group to meet to jointly review applications for the position of the chief of police and to recommend the names of four or five applicants. The city manager, who was authorized to make the hiring decision, was not bound to select the police chief from among the candidates recommended to him. The Third District recognized that the city manager's delegation of the elimination portion of the decision-making process to the citizens' advisory committee made that committee a board within the meaning of the Sunshine Law.[3]
Subsequently, the Florida Supreme Court in Wood v. Marston[4] relied onKrause in concluding that an ad hoc advisory group created by the university president to screen applications and make recommendations for the position of dean of the law school, a position appointed by the university president, was subject to the Sunshine Law.
You note that a limited exception to the applicability of the Sunshine Law to advisory committees has been recognized for committees established for fact-finding only, i.e., strictly information gathering and reporting.[5] When a committee, however, possesses the authority not only to conduct fact-finding but also to make recommendations, the committee is participating in the decision-making process and is, therefore, subject to section 286.011, Florida Statutes.[6] Based upon the above and the information that you have supplied this office concerning the nature and function of the group appointed by the chief of police, I cannot say that the activities of this group are, in that the group will advise a sitting public official about and make recommendations concerning the duties and scope of his office, limited to fact-finding.
Accordingly, I am of the opinion that an advisory group created by the chief of police to make recommendations regarding various issues affecting the police department is subject to the Government in the Sunshine Law.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] 535 So.2d 694, 695 (Fla. 3rd DCA 1988). In reaching this conclusion, the court relied on the decision of the Florida Supreme Court in Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974) in which the Court held that a citizens' planning commission established by the town council to act as an advisory group to the council regarding the formulation of the zoning plan was subject to the Sunshine Law.
[2] 366 So.2d 1244 (Fla. 3rd DCA 1979).
[3] Id. at 1251-52.
[4] 442 So.2d 934 (Fla. 1983). See also Silver Express Company v.District Board of Lower Tribunal Trustees of Miami-Dade CommunityCollege, 691 So.2d 1099 (Fla. 3rd DCA 1997) (committee established by community college purchasing director to consider and rank various contract proposals must meet in the Sunshine); Op. Att'y Gen. Fla. 85-76 (1985) (ad hoc committee appointed by mayor for purpose of making recommendation to mayor concerning legislation is subject to Sunshine Law).
[5] See e.g., Cape Publications, Inc. v. City of Palm Bay, 473 So.2d 222
(Fla. 5th DCA 1985); Bennett v. Warden. 333 So.2d 97 (Fla. 2nd DCA 1976) (fact-finding committee appointed by community college president to report to him on employee working conditions not subject to Sunshine Law); Op. Att'y Gen. Fla. 95-06 (1995) (when group, on behalf of a public entity, functions solely as a fact-finder or information gatherer with no decision making authority, no board or commission subject to the Sunshine Law is created).
[6] See Op. Att'y Gen. Fla. 94-21 (1994).