Mr. Robert K. Robinson North Port City Attorney 2750 Ringling Boulevard, Suite 3 Sarasota, Florida 34237
Dear Mr. Robinson:
As city attorney for the City of North Port and on behalf of the North Port Development Review Committee, you ask substantially the following question:
Is the City of North Port Development Review Committee, composed of several city officials and representatives of various city departments to review and approve development applications, subject to the Government in the Sunshine Law?
According to your letter, the North Port City Land Development Code provides for a Development Review Committee to function as a part of the city's development review process. You state that section 37-3 of the city's development code defines the committee as "[a] committee established administratively with representatives from the city departments of Road and Development Services; Fire/Rescue; Police, the consulting City Engineer and representatives of any other departments or agencies as may be required from time to time." Development applications are reviewed by the committee. Upon final approval by the committee members, an application then proceeds to the North Port Planning 
Zoning Advisory Board, which reviews the application and makes a recommendation to the city commission for final approval.
Section 286.011, Florida Statutes, Florida's Government in the Sunshine Law, in pertinent part, provides in subsection (1):
"All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting. The board or commission must provide reasonable notice of all such meetings."
As a statute enacted in the public interest to protect the public from "closed-door" politics, the Sunshine Law must be broadly construed to effect its remedial and protective purpose.[1] The courts of this state have repeatedly stated that it is the entire decision-making process to which the Sunshine Law applies and not merely a formal assemblage of a public body at which voting to ratify an official decision is carried out.[2]
You recognize that advisory groups created pursuant to law or ordinance or otherwise established by public agencies are subject to the Sunshine Law even though their recommendations are not binding on the entities that created them.[3] Moreover, you are aware that committees composed of city staff may be subject to the requirements of section 286.011, Florida Statutes. While meetings of staff are not ordinarily covered by the Sunshine Law, when a staff member ceases to function in a staff capacity and is appointed to a committee that is delegated the authority to make recommendations to a board or official, the staff member loses his or her identity as staff while working on the committee and the Sunshine Law applies to the committee.[4]
You refer to the opinion of the Fifth District Court of Appeal in Lyonv. Lake County,[5] which held that a technical review committee created to advise the county manager on land use was subject to Sunshine Law. You state, however, that the city's development review committee does not serve as an advisory board to the city manager or make recommendations to the city commission, but rather reviews and approves development applications, which are then referred to the planning and zoning board for recommendations to the city commission. You therefore question whether the committee is subject to the Government in the Sunshine Law.
Such a distinction would not appear to remove the development review committee from the Sunshine Law. For example, in Wood v. Marston,[6] a committee created to solicit and screen applicants for the deanship of a law school and to submit a list of best qualified applicants for faculty approval before forwarding the list to the president of the school for the final selection was determined to play an integral part in the decision-making process and thus to fall within the ambit of the Sunshine Law. More recently in Silver Express Company v. District Board of LowerTribunal Trustees,[7] the court held that a committee established to advise a community college purchasing director on various contract proposals that would be entered into by the community college board of trustees must comply with the requirements of section 286.011, Florida Statutes.
In light of the above, I am of the opinion that the City of North Port Development Review Committee, composed of several city officials and representatives of various city departments to review and approve development applications, is subject to the Government in the Sunshine Law.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] See Wood v. Marston, 442 So.2d 934, 938 (Fla. 1983); Canney v.Board of Public Instruction of Alachua County, 278 So.2d 260 (Fla. 1973); Board of Public Instruction of Broward County v. Doran,224 So.2d 693 (Fla. 1969).
[2] See Board of Public Instruction of Broward County v. Doran, supra
at 699, in which the court recognized the right of the public to be present and heard during all phases of enactments by public boards and commissions; Krause v. Reno, 366 So.2d 1244 (Fla. 3rd DCA 1979).
[3] See e.g., Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974); Spillis Candela Partners, Inc. v. Centrust Savings Bank,535 So.2d 694 (Fla. 3rd DCA 1988).
[4] See Wood v. Marston, supra at 939 (it is the nature of the act performed, not the makeup of the committee or the proximity of the act to the final decision, which determines whether a committee composed of staff is subject to the Sunshine Law); News-Press Publishing Company,Inc. v. Carlson, 410 So.2d 546 (Fla. 2nd DCA 1982). While you have not provided this office with a detailed description of the duties of the committee, the information you have provided indicates that it reviews and approves development applications as a committee; you have not provided this office with any information that the duties of the committee are limited to fact-finding only.
[5] 765 So.2d 785 (Fla. 5th DCA 2000), review denied, 790 So.2d 1105
(Fla. 2001).
[6] 442 So.2d 934 (Fla. 1983). And see Dascott v. Palm Beach County,877 So.2d 8 (Fla. 4th DCA 2004), in which the court held that a pre-termination conference panel composed of staff was subject to the Sunshine Law.
[7] 691 So.2d 1099 (Fla. 3rd DCA 1997).